**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MICHAEL LEE SNELLENBERGER, aka
Michael Lee Cutter, Michael Lee
Davidson, Robert Eugene Frehly,
Cutter Snellenberger, "Cutter,"
            *Defendant-Appellant.*

No. 06-50169

D.C. No.
CR-05-00064-AHS

OPINION

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Argued and Submitted
June 25, 2008—Pasadena, California

Filed October 28, 2008

Before: Alex Kozinski, Chief Judge, Stephen Reinhardt,
Pamela Ann Rymer, Andrew J. Kleinfeld,
Michael Daly Hawkins, Sidney R. Thomas, Susan P. Graber,
William A. Fletcher, Ronald M. Gould, Richard C. Tallman,
and Milan D. Smith, Jr., Circuit Judges.

Per Curiam Opinion;
Concurrence by Judge Graber;
Dissent by Judge Milan D. Smith, Jr.

14997

## COUNSEL

Gail Ivens, Deputy Public Defender, Los Angeles, California, for the defendant-appellant.

Anne C. Gannon, Assistant United States Attorney, Santa Ana, California, and Michael J. Raphael, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, California, for the amicus curiae.

## OPINION

PER CURIAM:

We must decide whether a court may consider a clerk's minute order when applying the modified categorical approach of *Taylor* v. *United States*, 495 U.S. 575 (1990).

## Facts

Michael Snellenberger walked into a bank with a threatening note and walked out with a small sum of money. He was quickly arrested and eventually pleaded guilty to unarmed bank robbery. The district court calculated a Sentencing Guidelines range of 151 to 188 months and sentenced Snellenberger to 151 months. On appeal, he challenges the calculation of the sentencing range.

**Analysis**

**[1] 1.**   Snellenberger's sentencing range was greatly elevated when the district court determined that he was a career offender. To qualify as a career offender, a defendant must be convicted of a crime of violence or a drug offense after having previously committed two such crimes. U.S.S.G. § 4B1.1(a). Snellenberger's crime of conviction, bank robbery, is a crime of violence; one of his prior convictions, sale of methamphetamine, is a drug offense. Under dispute is his other prior: burglary in violation of California Penal Code § 459.

**[2]** A "crime of violence," as defined in U.S.S.G. § 4B1.2(a), includes (among other things) "burglary of a dwelling." If Snellenberger's prior conviction qualifies as burglary of a dwelling, it's a crime of violence. There are two possible reasons why it might not qualify: First, California's burglary statute is broader than the generic definition of burglary adopted by the Supreme Court as the benchmark in *Taylor*. Generic burglary is limited to entry into a "building or other structure," 495 U.S. at 598, whereas California burglary covers entry into all manner of other places—tents, railroad cars, automobiles, aircraft, mines, even outhouses. Second, the Sentencing Guidelines are even narrower than the generic definition of burglary; whereas generic burglary may be committed in a commercial building, only burglaries of dwellings qualify as crimes of violence.

**[3]** When the statute of conviction is broader than the generic definition, we can't tell categorically whether the prior conviction qualifies as a strike. Rather, we must use the so called modified categorical approach, which requires us to determine—if we can—whether the conduct for which the defendant was convicted fits within the federal definition of the offense. *Id.* at 602. As applied to Snellenberger, we must figure out whether the conduct to which he pleaded guilty was burglary of a building or other structure (as *Taylor* requires)

and further whether the burglary was of a dwelling (as the Sentencing Guidelines require). If we can tell both of these things with reasonable certainty, the prior conviction counts and Snellenberger is a career criminal.

[4] The Supreme Court in *Shepard* v. *United States*, 544 U.S. 13 (2005), listed the types of documents we may consider in applying the modified categorical approach: "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 16. We have the charging document—here an information—but it charges two burglaries. Count 1 charges burglary of a "dwelling house," but count 2 charges burglary of a vehicle. Other than the statutory definition, the record contains none of the documents to which the Supreme Court refers in *Shepard*. How can we tell, then, whether Snellenberger pleaded guilty to count 1 (which would count as a strike against him) or count 2 (which wouldn't)?

The district court relied on the state court clerk's minute order. California Penal Code § 1207 provides that "[w]hen judgment upon a conviction is rendered, the clerk must enter the judgment in the minutes, stating briefly the offense for which the conviction was had . . . . A copy of the judgment of conviction shall be filed with the papers in the case."

The minute order is a printed form bearing the name of the court at the top, followed by the case caption. The body consists of numbered lines, each calling for some information to be inserted by checking a box or writing in a blank. Line 56 starts with a box through which an "X" has been drawn; it reads "Defendant personally withdraws plea of not guilty to count(s) _ _ _ _ _," and "1" is written in the blank. Line 57 also starts with a box through which an "X" has been drawn, and indicates a plea of nolo contendere to count 1.

Together, these lines establish that Snellenberger pleaded nolo contendere to count 1, which charged him with "enter-

[ing] an inhabited dwelling house and trailer coach and inhabited portion of a building occupied by Peter MacPherson, with the intent to commit larceny and any felony." Because the three noun phrases are connected by "and" rather than "or," the charging document and minute order, if consulted, establish that Snellenberger committed burglary of a dwelling.

**[5]** Snellenberger challenges the district court's reliance on the minute order, arguing that it isn't among the documents listed by the Court in *Shepard*. But that list was illustrative; documents of equal reliability may also be considered. *See Shepard*, 544 U.S. at 26 (permitting use of "comparable" judicial records). The clerk's minute order easily falls within the category of documents described: It's prepared by a court official at the time the guilty plea is taken (or shortly afterward), and that official is charged by law with recording the proceedings accurately. The clerk presumably exercises that duty as faithfully and diligently as, for example, court reporters, upon whose transcripts we regularly depend. Indeed, the *Shepard* list expressly references the transcript of the plea colloquy as a document we may properly rely on, even though the transcript itself (as opposed to the reporter's notes on which it is based) is generally prepared days or weeks—and sometimes years—after the in-court proceedings.

**[6]** Snellenberger also complains that the minute order is not something that is approved, or even seen, by the parties, so he shouldn't be held responsible for its contents. It's not clear from the record whether parties to a criminal case in California are given copies of the clerk's minute order at the time it is placed in the case file, but there is certainly no suggestion that it's a secret document. A defendant can always check the case file and ensure that any materials placed there accurately reflect the proceedings; presumably, doing so is part of every criminal defense lawyer's professional obligation. In any event, by analogy to transcripts, it's enough that the minute order was prepared by a neutral officer of the court, and that the defendant had the right to examine and

challenge its content, whether or not he actually did. Having failed to challenge or correct the minute order in state court—perhaps because there wasn't a basis for doing so—Snellenberger is now bound by what it says: He pleaded nolo contendere to the burglary of a dwelling, satisfying this aspect of the generic definition of the crime for purposes of U.S.S.G. § 4B1.1(a).

**[7]** We therefore hold that district courts may rely on clerk minute orders that conform to the essential procedures described above in applying the modified categorical approach. *United States* v. *Diaz-Argueta*, 447 F.3d 1167, 1169 (9th Cir. 2006), which suggested the contrary, is to that extent overruled.

**2.** In the district court, Snellenberger unsuccessfully argued that, even if the minute order were considered, his conviction wasn't a generic burglary within the meaning of *Taylor*. On appeal, he didn't make that argument in his opening brief. *See* Def.'s Supp. Br. to Rh'g En Banc 4 & n.4 (Snellenberger "has not previously challenged the application of the career offender guideline to his case on the . . . basis" "that California burglary is missing the element of unprivileged entry"). We therefore decline to reach the issue. *See, e.g.*, *United States* v. *Ankeny*, 502 F.3d 829, 835 n.3 (9th Cir. 2007); *Leon* v. *IDX Sys. Corp.*, 464 F.3d 951, 957 n.3 (9th Cir. 2006).

**[8]** No special circumstances justify our raising the question sua sponte. The fact that Snellenberger made this argument in the district court demonstrates that the absence of the later-decided *Navarro-Lopez* v. *Gonzales*, 503 F.3d 1063 (9th Cir. 2007) (en banc), didn't deter him from making the argument in the first place. Nothing prevented him from appealing the district court's adverse ruling on that issue. We therefore express no opinion on the application of *Navarro-Lopez* to the facts of this case.

**AFFIRMED.**

**Appendix**

2  TPL/MOT        SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Date  NOVEMBER  12 1991                                          DEPT.
HONORABLE  GARRY TAYLOR-PRO TEM        JUDGE  D. DEVENUTO  J-LEPP        117  Deputy Clerk
207        M ZEA                       Deputy Sheriff  V. ANDERSON  K-KREPNERG    Reporter
CASE NO.   SA041371-01                 (Parties and counsel checked if present)  P. Cagney

PEOPLE OF THE STATE OF CALIFORNIA           Counsel for People
                 vs                         DEPUTY DISTRICT ATTY:

CHARGE     01 SNELLENBERGER MICHAEL         Counsel for Defendant  GILLIAM OPO
    AKA    01 FREHLY ROBERT
    AKA    01 DAVIDSON MICHAEL                      (BOX CHECKED IF ORDER APPLICABLE)

NATURE OF PROCEEDINGS
                TRIAL X277323  PIC T/S REM                        07-29-91

EXHIBIT B

000056

GRABER, Circuit Judge, with whom RYMER, KLEINFELD, HAWKINS, GOULD, and TALLMAN, join, concurring:

I join fully in the court's opinion but write briefly to respond to the dissent, which asserts that we should reach the question whether *Navarro-Lopez v. Gonzales*, 503 F.3d 1063 (9th Cir. 2007) (en banc), would counsel reversal.

Even if we were to consider this unraised issue, we would have to do so using a "plain error" analysis. *See United States v. Beng-Salazar*, 452 F.3d 1088, 1092 (9th Cir. 2006) ("We review unpreserved errors for plain error." (citing Fed. R. Crim. P. 52(b)); *see also United States v. Olano*, 507 U.S. 725, 732 (1993) ("[T]he authority created by Rule 52(b) is circumscribed. There must be an error that is plain and that affect[s] substantial rights." (internal quotation marks omitted) (second alteration in original)). There is no plain error here.

As the opinion properly notes, Defendant Snellenberger pleaded nolo contendere to "enter[ing] an inhabited dwelling house and trailer coach and inhabited portion of a building occupied by Peter MacPherson, with the intent to commit larceny and any felony." Majority op. at 15002-03 (internal quotation marks omitted) (alteration in original). Whether or not that conduct counts as "generic burglary" under the peculiarities of California law, the act described "involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2), to wit, MacPherson. For that reason, we would still have to affirm Snellenberger's conviction.

---

M. SMITH, Circuit Judge, with whom Chief Judge Kozinski and Judges Reinhardt and Thomas join, dissenting:

Though we rarely review arguments not raised in the opening brief, we acknowledge an exception to the waiver rule

when there has been an intervening change in the law. *See, e.g.*, *Ball v. Rodgers*, 492 F.3d 1094, 1102 (9th Cir. 2007). *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc), constitutes such a change.

We recently observed in *Kawashima v. Mukasey* that prior to *Navarro-Lopez*, we

> applied the modified categorical approach in cases where the statute of conviction prohibits a broader range of conduct than the generic offense, regardless of whether the former lacks a particular element of the latter. *See, e.g.*, *United States v. Parker*, 5 F.3d 1322 (9th Cir. 1993) (applying the modified categorical approach to determine whether a jury found the defendant guilty of generic burglary even though the statute under which the defendant was convicted did not require unlawful entry, a necessary element of the generic definition); *United States v. Alvarez*, 972 F.2d 1000 (9th Cir. 1992) (per curiam) (same). In *Navarro-Lopez*, we did not explicitly overrule these precedents . . . Nevertheless, *Navarro-Lopez*'s statement that the modified categorical approach never applies when "the crime of conviction is missing an element of the generic crime altogether," 503 F.3d at 1073, is plain and clear. And, because such statement is irreconcilable with our precedents that have held otherwise, we must conclude that they have been impliedly overruled.

530 F.3d 1111, 1116 (9th Cir. 2008). Accordingly, I do not believe that we are free in this case to ignore the new law set forth in *Navarro-Lopez*, which addresses the threshold issue of whether we may use the modified categorical approach at all. If the modified categorical approach *never* applies under a particular statute, we should not reach the issue of whether a minute order could satisfy the modified categorical

approach, and I respectfully suggest that we are remiss in doing so.

Nevertheless, since the panel has decided to reach the issue, I believe it important to clarify that the facts one may consider reliably established by a California minute order are limited by the minute order's function, i.e., to record the statute of conviction and the count in the information or indictment to which the defendant pleaded guilty or nolo contendere. By its nature, a minute order cannot be used to establish the underlying facts of the crime committed. *Cf. United States v. Navidad-Marcos*, 367 F.3d 903, 908-09 (9th Cir. 2004).

Because I would address *Navarro-Lopez*'s impact on this case, I would overrule *United States v. Aguila-Montes De Oca*, 523 F.3d 1071 (9th Cir. 2008), to the extent it concludes that *Navarro-Lopez* permits use of the modified categorical approach in applying a conviction under California Penal Code § 459. I would also explicitly overrule pre-*Navarro-Lopez* cases such as *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 857-58 (9th Cir. 2005), that apply the modified categorical approach to convictions under California Penal Code § 459. *Navarro-Lopez* clearly states our new rule that

> "[t]he modified categorical approach . . . only applies when the particular elements in the crime of conviction are broader than the generic crime. When the crime of conviction is missing an element of the generic crime altogether, we can never find that 'a jury was actually required to find all the elements of' the generic crime."

*Navarro-Lopez*, 503 F.3d at 1073 (quoting *Li v. Ashcroft*, 389 F.3d 892, 899-901 (9th Cir. 2004) (Kozinski, J. concurring)). Because California burglary is missing a generic element, the

district court's application of the modified categorical approach is plain error.[1]

The generic definition for federal burglary requires an "unlawful or unprivileged entry." *Taylor v. United States*, 495 U.S. 575, 598 (1990). The Court in *Taylor* noted that its definition of burglary approximated that adopted by the drafters of the Model Penal Code wherein a person commits burglary "if he enters a building . . . with purpose to commit a crime therein, unless the premises are at the time open to the public or *the actor is licensed or privileged to enter*," implying that "unlawful" means unconsented. *Id.* at 598 n.8 (quoting Model Penal Code § 221.1 (1980)) (emphasis added).[2] The Court observed that some states have eliminated the requirement that the entry be unlawful. *Id.* at 599.

California is one of the states where only "entry" is required. Under California law, one can commit residential burglary even if the entry into the home is consensual and not a trespass. *People v. Frye*, 959 P.2d 183, 212-13 (Cal. 1998). Specifically, under CALJIC 14.50, the only elements that must be proven to convict under California Penal Code § 459 are that:

---

[1]Snellenberger did not argue at the district court level that the modified categorical approach never applies under the California Penal Code § 459; therefore, the correct standard of review is plain error. "[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal — it is enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468 (1997). Erroneous application of a sentencing enhancement affects the defendant's substantial rights and "affect[s] both the fairness and integrity of our judicial system." *United States v. Portillo-Mendoza*, 273 F. 3d 1224, 1228 (9th Cir. 2001).

[2]I acknowledge that one could consider entry into a structure for the purpose of committing a crime to be "unlawful" in a general sense, but that type of unlawfulness is explicitly distinguished from the "unlawful or unprivileged entry" included by the Supreme Court in *Taylor* as an element of generic burglary.

1.  A person entered a [building] [_____]; and

2.  At the time of the entry, that person had the specific intent to steal and take away someone else's property, and intended to deprive the owner permanently of that property;

*Id*. at 212. In contrast, the Supreme Court indicated that

the generic, contemporary meaning of burglary contains at least the following elements: *an unlawful or unprivileged* entry into, or remaining in, a building or other structure, *with intent to commit a crime*.

*Taylor*, 495 U.S. at 598 (emphasis added). The Supreme Court has clarified that

an offense constitutes 'burglary' for purposes of . . . sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually

*required the jury to find all the elements of generic burglary* in order to convict the defendant.

*Taylor*, 495 U.S. at 602 (emphasis added). *Taylor* does not permit the conflation of the element of unlawful or unprivileged entry with the element of entry with the intent to commit a crime. Rather, the jury is required to find both elements independently in order to convict the defendant.

Under the standard set out in *Taylor*, we cannot establish that a conviction for California burglary meets the requirements for a federal enhancement for "burglary of a dwelling." Even where the information or indictment alleges that the defendant did "unlawfully enter," as occurred in this case, no jury would ever be "actually required to find all the elements of generic burglary" in order to convict the defendant because

the type of entry need not be proven and is simply unnecessary to the conviction. *See Taylor*, 495 U.S. at 602; *Frye*, 959 P.2d at 212.

Furthermore, given the peculiarities of California law, California's burglary statute does not satisfy the residual clause as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). We continue to employ the categorical approach when analyzing the applicability of the residual clause. Because California burglary is similar to "burglary of a dwelling," the relevant inquiry is whether the risk posed by California residential burglary is similar to that posed by federal burglary of a dwelling. *See James v. United States*, 127 S. Ct. 1586, 1594 (2007) (analyzing attempted burglary).

In conducting this inquiry, we are not required to find that every conceivable California burglary would pose a serious potential risk of physical injury to another, but rather that, in the ordinary case, California burglary would satisfy the residual clause. *Id.* at 1597. " 'It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.' " *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007)).

California has created an entire class of burglaries that no longer fits the description of a "prototypically violent" crime. For example, a review of California burglary prosecutions reveals that California courts have upheld burglary convictions for defendants who entered a home with consent and with the intent to sell fraudulent securities. *See, e.g.*, *People v. Cole*, 67 Cal. Rptr. 3d 526, 540 (Ct. App. 2007); *People v. Salemme*, 3 Cal. Rptr. 2d 398, 402-03 (Ct. App. 1992). Admittedly, a slim possibility exists in such a case that a victim who discovers the fraudulent scheme would confront the defendant, but the residual clause requires "serious potential risk," not merely a faint possibility.

Due to the broad interpretation of burglary adopted by the California courts, it appears that the risk of injury to another comes not from the perpetrator's unconsented entry, but from the victims' reaction to the felony intended to be committed therein. The Supreme Court has identified the main risk of burglary as arising "from the possibility of a face-to-face confrontation between the burglar and a third party." *James*, 127 S. Ct. at 1594. Logically, such a risk arises in a situation of unconsented entry, not one in which the burglar has been permitted to enter. In light of the breadth of California prosecutions, I cannot conclude that an "ordinary case" of California burglary is a crime of violence merely because a felony occurred, or was intended to occur, in a residence. To so conclude, one would have to assume that a victim will react differently to a felony that occurs in his home than to one that occurs in a commercial building or on the street, associating the probability of violence with the location of the crime, not the nature of the crime or the means by which it is committed.

In applying the residual clause to the *specific conduct* to which the defendant pleaded rather than the *statutory elements* of the state burglary offense, Judge Graber's concurrence improperly employs the modified categorical approach. Concurrence at 15006. Our Circuit has repeatedly "expressed doubt as to whether the modified categorical approach applies to the catchall clause" at all. *United States v. Jennings*, 515 F.3d 980, 990 (9th Cir. 2008) (citing *United States v. Kelly*, 422 F.3d 889, 895 (9th Cir. 2005); *United States v. Fish*, 368 F.3d 1200, 1204 & n. 4 (9th Cir. 2004); *United States v. Parker*, 5 F.3d 1322, 1325-26 (9th Cir. 1993)). Notably, the Supreme Court in *James* applied only the categorical approach in its analysis of the residual clause. 127 S. Ct. at 1593-94.

The Ninth Circuit panel in *Jennings* concluded that "generally the modified categorical approach may be applied in determining whether a conviction qualifies as a violent felony under § 924(e)(2)(B)(ii)'s 'otherwise' clause (sometimes

termed the catchall clause).” 515 F.3d at 990. However, *Jennings* clarified that *Navarro-Lopez* precludes application of the modified categorical approach to the residual clause when the statute of conviction “does not require proof of any actual or potential risk of harm to others for a conviction.” *Id.* at 992. In the case before us, the California burglary statute, like the Washington statute at issue in *Jennings*, “ ‘is missing an element of the generic crime’ — here, the actual or potential risk of harm to another — ‘altogether.’ A jury would not have to find that such a risk was posed for any conviction . . . it simply is not an element of the crime.” *Id.* at 993 (internal citations omitted).

Under *Navarro-Lopez*, we may not apply the modified categorical approach to determine whether a state statute falls under the residual clause unless the state offense includes the element of potential risk of harm. California’s burglary statute contains no such element, and therefore the modified categorical approach is unavailable.

I sympathize with my colleagues who would like to find a way to fit convictions under California Penal Code § 459 into “burglary of a dwelling” or the residual clause. The peculiarities of California law, however, have left federal courts unable to use it as a predicate offense under USSG § 4B1.1. The goal of nationwide uniformity driving the Sentencing Guidelines is not well-served when we apply an enhancement for all burglaries in one state but none in California, our most populous state. But neither is it served when we apply an enhancement for conduct in California that would not trigger the enhancement in others. *Navarro-Lopez* and the Supreme Court’s insistence on a categorical analysis mandates that we reach the under-inclusive result.

For the foregoing reasons, I would apply our en banc rule in *Navarro-Lopez* and reverse the district court.