**Arnoldo SALGADO, Petitioner,**

v.

**Eric J. HOLDER, Attorney General, Respondent.**

**No. 06–70350.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2009.

Filed June 2, 2009.

Seth Galanter, Demme D. Joannou, Esquire, Morrison & Foerster, LLP, Washington, DC, for Petitioner.

\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Richard M. Evans, Esquire, Paul Fiorino, Trial, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Hi–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: T.G. NELSON and M. SMITH, Circuit Judges, and KING,\* District Judge.

### MEMORANDUM \*\*

Arnoldo Salgado, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals finding him ineligible to seek suspension of deportation. "We have jurisdiction to review the BIA's denial of eligibility for suspension of deportation based on a finding that petitioner is statutorily barred from showing good moral character." *Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 747 (9th Cir.2007) (citations omitted). We deny the petition for review.[1]

The clerk's minute entries in Salgado's state court records establish that he has a prior conviction for possession of cocaine under California law. *See United States v. Snellenberger,* 548 F.3d 699, 702 (9th Cir. 2008) (en banc) (holding that clerk's minute orders fall within the category of docu-

1. We acknowledge the fine efforts of Salgado's appointed pro bono counsel.

ments that may be considered in applying the modified categorical approach). The records unequivocally establish that the prior conviction falls in an 8 U.S.C. § 1182(a)(2)(A)(i) category. *See, e.g., United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2, cmt. n. 4 (2002). Accordingly, 8 U.S.C. § 1101(f)(3) precludes Salgado from having good moral character.

Alternatively, § 1101(f)(3) permits the required finding if the alien "admits the commission" of a disqualifying offense. Salgado sufficiently admitted to the Immigration Judge that he had possessed cocaine, in violation of California Health and Safety Code § 11350(a). Salgado's argument that this admission was not "knowing and voluntary" in violation of *In the Matter of K.,* 7 I. & N. Dec. 594 (BIA 1957), was not exhausted before the BIA. *See Figueroa v. Mukasey,* 543 F.3d 487, 492 (9th Cir.2008). In any event, the Ninth Circuit has rejected the same argument in a "good moral character" suspension-of-deportation context. *See Urzua Covarrubias,* 487 F.3d at 749; *Sanchez v. Holder,* 560 F.3d 1028, 1034 n. 1 (9th Cir.2009) (en banc).

The bar also precludes Salgado from seeking similar relief under the Nicaraguan and Central American Relief Act of 1997 ("NACARA"). NACARA's special rule cancellation of removal provisions are part of the transitional rules of the Illegal Immigrant Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546. And IIRIRA § 309(f)(1) provides that the cancellations are "[s]ubject to the provisions of the Immigration and Nationality Act [8 U.S.C. § 1101 et seq.]." This includes § 1101(f) bars to good moral character. *See* 8 C.F.R. § 1240.66 (providing that an applicant for special rule cancellation of remov-

al "must not be subject to any bars to eligibility in sections 240(b)(7), 240A(c), or 240B(d) of the Act, or any other provisions of law"); *cf. Cuadra v. Gonzales,* 417 F.3d 947, 950–52 (8th Cir.2005) (applying, although rejecting, a § 1101(f)(6) good moral character bar to a NACARA claim).

**PETITION FOR REVIEW DENIED.**