FILED

**NOT FOR PUBLICATION**

JAN 29 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50516 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00120-R-1 |
| v. | |
| ANGEL ALMENDAREZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 11, 2010
Pasadena, California

Before: GOODWIN, CANBY and O'SCANNLAIN, Circuit Judges.

Angel Almendarez pled guilty to violating 18 U.S.C. § 922(g)(1) as a felon

in possession of a firearm. The district court sentenced him to 46 months in federal

detention. He appeals that sentence, raising several distinct challenges to the

sentence itself and to the supervised release conditions the district court imposed.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

As the facts are known to the parties, we will not repeat them here except to the extent necessary to explain our decision.

## I

Almendarez first contends that the district court improperly concluded that his prior conviction under California Penal Code § 69[1] constitutes a crime of violence within the meaning of U.S.S.G. § 2K2.1. We disagree. U.S.S.G. § 4B1.2(a)(1) defines a "crime of violence" as, in pertinent part, "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another."[2] Under the modified categorical approach first announced in *Taylor v. United States*, 495 U.S. 575 (1990), we may look to a transcript of Almendarez's plea colloquy to determine "whether the conduct for

---

[1]The statute provides that
Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding on year, or by both such fine and imprisonment.

[2]Almendarez does not dispute that his conviction under California Penal Code § 69 is "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a).

2

which [he] was convicted fits within the federal definition of [a crime of violence]," *United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc) (per curiam). In his plea hearing, Almendarez pled no contest to an indictment charging him "with the crime of *resisting an executive officer by means of violence*." This demonstrates that Almendarez's crime involved the "use . . . of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), and, accordingly, we affirm the district court's conclusion that Almendarez's conviction under California Penal Code § 69 constitutes a crime of violence.

## II

Almendarez next contends that the sentence the district court imposed was unreasonable because the district court did not explicitly discuss each of the 18 U.S.C. § 3553(a) factors. We disagree. A sentencing judge need not discuss each section 3553(a) factor in each case. *Rita v. United States*, 551 U.S. 338, 356–57 (2007). Thus, the sentencing judge's statement that Almendarez had received enough "new starts" demonstrates that he was aware of and applied the section 3553(a) factors to reject Almendarez's arguments in favor of a less-severe sentence. Accordingly, we conclude that the district court did not abuse its discretion by imposing a within-Guidelines sentence.

## III

3

Almendarez next challenges two of his supervised release conditions, and argues that they violate his Due Process rights. First, Almendarez contends that his supervised release condition prohibiting him from having contact with "associates" of members of the Black P-Stone Bloods and from entering areas associated with the gang is impermissibly vague. In *United States v. Soltero*, we held that a supervised release condition prohibiting a defendant from "associat[ing] with any known member of any criminal street gang" was not improperly vague or overbroad. 510 F.3d 858, 866 (9th Cir. 2007) (per curiam) (internal quotation marks omitted) (alteration in original). Accordingly, we reject Almendarez's argument. Second, Almendarez contends that a supervised release condition requiring him to report to a parole officer within 72 hours of entering the United States violates his Fifth Amendment right against self incrimination. As Almendarez acknowledges, this claim is squarely foreclosed by our existing precedent. *See United States v. Rodriguez-Rodriguez*, 441 F.3d 767 (9th Cir. 2006).

IV

Finally, Almendarez claims that his sentence should be vacated because the government breached its obligations under his plea agreement by arguing that his conviction under California Penal Code § 69 is a crime of violence. The plea

4

agreement states that "[d]efendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures are appropriate" and that "defendant understands that the government believes that defendant's conviction for Assault in violation of California Penal Code Section 69, on or about August 14, 2006, may be a crime of violence." Thus, the terms of the plea agreement permitted the government to argue that Almendarez's prior conviction constitutes a crime of violence, and the government did not breach the plea agreement.

V

For the above reasons, the judgement of the district court is

**AFFIRMED.**

5