KOZINSKI, Chief Judge,
concurring:
While I concur with much of the majority opinion, I agree with Judge Reinhardt that the failure to decide whether the district court erred in relying on Strickland’s sexual offender registration forms is both wrong and unfortunate. It’s wrong for the reasons given by Judge Reinhardt and one more: The district judge below relied on the registration forms in finding that Strickland had been convicted of a predicate offense under 18 U.S.C. § 2252A(b)(l); we don’t know whether he would have made the same finding in the absence of the forms. If his reliance on the registration forms was improper as a matter of law, we should remand and give the district judge an opportunity to make findings without relying on any improper documents.
Which brings me to why it’s unfortunate that the majority doesn’t address the registration forms. As this case illustrates, obtaining reliable information about past convictions — some going back many years or decades — can be difficult. The evidence that the government presented here is marginal. The docket sheet, on which the majority relies in affirming the district court, suffers from the defects Judge Berzon points out in her dissent. Berzon Dissent at 5793-94. Had Strickland preserved the argument that the lack of authentication or certification barred the district court from relying on the docket sheet, I’m not at all sure we could affirm, as there is almost nothing in the record about what this document is or where it came from. But Strickland waived that argument. In his opening brief he refers to the document as “an uncertified State court docket sheet.” He thus concedes it’s a docket sheet but doesn’t argue that the district court erred in relying on it because it’s uncertified. The government’s brief, naturally, says nothing on this point. This important issue should be decided in a case where the parties actually brief it so we can make an informed decision. I would therefore deem that objection waived. See, e.g., Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 994-95 (9th Cir.2009).
That said, it would certainly have been better if the government had produced the “agreed statement of facts” that Judge Berzon refers to in her dissent. Berzon Dissent at 5795. This document sounds like it falls squarely within the ambit of Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and would have eliminated all cavil as to whether Strickland was convicted of a sex crime. Judge Berzon accuses the government of sloth, but I suspect the problem is actually one of unavailability: The case materials pertaining to Strickland’s 2002 Maryland conviction may not be available at all, or available only with great difficulty. This may be typical of many cases across the country, particularly those from the era before electronic case filing. The kind of evidence the Supreme Court described in Shepard, 544 U.S. at 26, 125 S.Ct. 1254 — the charging document, the terms of a plea agreement, the transcript *972 of a colloquy in which defendant confirms the factual basis for his plea — may not be available for many convictions that serve as predicates for federal sentencing enhancements.
Hence the significance of sex offender registration forms: They are ubiquitous, locally available and frequently updated. Most importantly, they are personally signed by defendants pursuant to a legal obligation backed by criminal penalties. The government here was able to come up with three such forms signed by Strickland over the course of two years, all certifying that he had been convicted of a sex offense. The sex offender change-of-address form Strickland filed with the City of Great Falls on August 4, 2006, has an attached database printout that describes his crime as “Maryland Sexual Child Abuse” and provides the precise date of Strickland’s sentencing. The Montana Department of Justice form Strickland signed on February 8, 2006, notes that Strickland was sentenced for the Maryland offense in November 2002, and identifies it as a sexual offense involving Strickland’s 16-year-old step-son. These documents, when taken together with the docket sheet, leave no room for doubt that Strickland was previously convicted of a crime “relating to ... abusive sexual conduct involving a minor or ward.” 18 U.S.C. § 2252A(b)(l).
This kind of problem is sure to arise again, so it’s important to decide whether sex offender registration forms may be used to clarify the nature of a prior conviction or guilty plea under the modified categorical approach of Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). By ducking the question, the majority leaves the field to the dissenters, who present a superficially plausible argument that the district court’s reliance on such records violated Shepard, 544 U.S. at 24-26, 125 S.Ct. 1254. I present the contrary view, lest my agreement be inferred from silence.
The most one can say about Shepard is that it doesn’t affirmatively authorize the use of these registration forms. This may be because the Shepard majority wanted to limit the Taylor inquiry to a narrow range of judicially-created documents (as the dissenters here argue), but more likely it’s because the Court wasn’t thinking about registration forms and other post-conviction admissions by the defendant. Shepard dealt with statements made and documents created at the time the plea was entered and the Court thus had no occasion to address any admissions made by the defendant at a later point in time.
When Shepard pleaded guilty to his earlier crime, the police reports were not part of the plea agreement and Shepard therefore did not admit to them by pleading guilty. Nor did the police reports have any judicial imprimatur; for all we know the judge who accepted the guilty plea was not even aware of them and certainly did not adopt them as true. The Supreme Court therefore held that the police reports couldn’t be considered in determining the nature of that conviction. Some of the Court’s reasons involved practical considerations about avoiding “collateral trials” and “evidentiary disputes.” Shepard, 544 U.S. at 19-23 & n. 4, 125 S.Ct. 1254. Equally significant, however, was the concern that importing a third-party narrative to which defendant didn’t affirmatively assent would violate the rule of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See Shepard, 544 U.S. at 24-26, 125 S.Ct. 1254; id. at 26-28, 125 S.Ct. 1254(Thomas, J., concurring). The Shepard plurality and Justice Thomas were concerned that the factual reconstruction process would bind defendants to facts (there, Shepard’s entry into a building) *973 that they never admitted and that no jury had found beyond a reasonable doubt.
Our case is materially different. The government here is not trying to saddle Strickland with facts to which he never assented. Rather, the government asks us to determine what facts Strickland did admit. The best evidence of that would be the agreed factual statement presented with his plea, the plea colloquy or some similar document contemporaneous with the plea itself. But almost as good would be Strickland’s own admission, in open court, that his prior conviction was for sexually abusing a child, as such an admission complies with Apprendi. See United States v. Booker, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (“Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.” (emphasis added)).
Sex offender registration forms are not quite the same as in-court admissions, but they share many of the same attributes: They are personally assented to by the defendant; they are official, formal statements made in an environment where the necessity of being truthful is likely to be impressed on the registrant; filling them out is strongly against the registrant’s personal interest, as being a registered sex offender will likely make him an outcast in the community; they do not attempt to reconstruct or re-interpret the facts and circumstances of the earlier crime, but merely report the prior conviction; and the registrant is speaking pursuant to an obligation imposed by law, which requires that the information provided be truthful and accurate.
Some registrants may not seek advice of counsel before completing a registration form, though I’m certain many do consult lawyers before filling out forms that they must find oppressive and odious. It’s entirely possible that a registrant may be mistaken about his obligation to register, though I’m reasonably confident that — just as people seldom commit tax errors in the government’s favor — far more people mistakenly fail to register than those who mistakenly sign up. But this risk of error, just like that in the minute order we approved in United States v. Snellenberger, 548 F.3d 699, 702(9th Cir.2008) (en banc), isn’t fatal. If a defendant is confronted with a registration form that he signed in error, he can try to amend the form, see id., or explain the error and present contemporaneous records showing that he was not actually required to register as a sex offender. I don’t see what’s unfair or improper about placing on defendant the burden of showing that a registration form he signed before a witness, under penalty of law, does not prove what it purports to say on its face.
Judge Berzon argues that the forms in this case “do not include direct admissions by Strickland,” Berzon Dissent at 5798, because Strickland’s signature generally appeared on pages of each form different than those containing the most incriminating information. I don’t see why a signature on the last page of a multi-page form doesn’t indicate assent to the entire document. See, e.g., 2 Williston on Contracts § 6:44 (4th ed., West 2009) (“[Wjhere an offeree signs a document it is generally held to be bound by the document’s terms, even if the offeree signs in ignorance of those terms.”). Take the Montana Department of Justice form, which is only two pages. On page one it notes that Strickland’s offense was “sexual” rather than “violent” or “both,” and has a box labeled “Sex Offender Treatment Status,” showing that Strickland “Completed Treatment” in “April 2005.” And on the second page, just three lines *974 below Strickland’s signature, it clearly says that it’s a two-page form, so we know that the page with Strickland’s signature wasn’t simply attached after-the-fact. Moreover, Strickland’s signature certifies that he “understand^ his] duty to register.” By certifying that he understands his duty to register on a form which expressly predicates that duty on his prior sexual offense, Strickland clearly acknowledged the sexual nature of his pri- or conviction.
Judge Berzon’s objection to the use of these forms is, in any event, a side-show. The question we must decide is whether sex offender registration forms, in general, may be relied on by a district court. That these forms are more ambiguous than Judge Berzon would prefer is neither here nor there. Many other defendants will have signed much clearer forms and the alleged ambiguity of these forms has no bearing on the larger question of whether such forms are usable at all. See, e.g., Snellenberger, 548 F.3d at 702(authorizing the use of any minute order that “conform[s] to the essential procedures described above”).
In any event, the registration form wouldn’t be sufficient by itself to support a finding that a defendant had committed the predicate offense. Under the approach advanced by the government, the form would have to be supported by evidence from the court of conviction that defendant had, in fact, been convicted of a crime that could serve as a predicate offense. The registration form — constituting defendant’s own admission of the prior offense — could resolve any ambiguity about what crime he had long ago been convicted of. Such ambiguities are bound to arise with some regularity, depending on the completeness and efficacy of record-keeping by the thousands of court systems in the United States. It is unwise to turn our backs on registration forms as a tool for resolving them. Unless and until the Supreme Court holds otherwise, I would hold that district courts may consider these forms, in conjunction with other evidence, to determine whether a defendant’s prior conviction is a qualifying predicate offense.
Because the district court here considered Strickland’s registration forms together with the docket sheet, and the documents together leave no doubt that his Maryland conviction was for sexual conduct involving a minor or ward, I would endorse what the district court did here and affirm on that basis.