SILVERMAN, Circuit Judge,
dissenting:
When the criminal complaint and abstract of judgment in this case are considered together, it is apparent that petitioner, pursuant to a guilty plea, was convicted in California state court of taking a vehicle without the owner’s consent and sentenced to two years imprisonment. He was thus convicted of a “theft offense” for which the term of imprisonment was at least one year, making him an “aggravated felon” as defined by 8 U.S.C. § 1101(48)(G).
To whatever extent Penuliar v. Mukasey, 528 F.3d 603 (9th Cir.2008), decided on June 10, 2008, held that the abstract of judgment in that case was insufficient to establish what offense Penuliar pled guilty to, that case was superseded four months later by the en banc opinion in United States v. Snellenberger, 548 F.3d 699 (9th Cir.2008), decided on October 28, 2008. Snellenberger holds that when it comes to discerning what a defendant had been convicted of, a clerk’s minute entry is just as reliable as the other court documents favorably mentioned, by way of illustration, in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In my opinion, an abstract of judgment prepared by court personnel in the ordinary course of judicial business, bearing the court seal, the clerk’s filing stamp and the deputy clerk’s signature, on an official court form, is equally reliable. In the absence of any evidence to doubt the document’s authenticity or accuracy, it seems to me that the abstract of judgment in this case may be relied upon to establish that petitioner did, indeed, commit the crime of “take vehicle w/o owner’s consent” and was sentenced to two years in state prison. The abstract specifically references the Complaint by case number and states that the defendant was convicted on January 24, 2006 of count 1 thereof, in which he was charged with driving or taking a 1990 Toyota pick-up without the consent of the owner, J. Gutierrez. There is no reason in the record to believe that petitioner was convicted of anything other than “taking” or “driving” the vehicle. Either way, he would be a principal in the offense.
I would deny the petition.