**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARITO RUELAS-RAMIREZ, | No. 08-71435 |
| Petitioner, | Agency No. A037-199-502 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Margarito Ruelas-Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Rendon v. Mukasey*, 520 F.3d 967, 971 (9th Cir. 2008), and we deny the petitions for review.

The minute order contained in the record of conviction establishes that Ruelas-Ramirez's 2007 conviction for violating California Health and Safety Code § 11378 related to methamphetamine, a federally defined controlled substance. *See United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) (per curiam) (a clerk's minute order may be considered in applying the modified categorical approach); *see also United States v. Strickland*, 601 F.3d 963, 968-70 (9th Cir. 2010) (en banc) (approving reliance on entries on a docket sheet to establish the underlying facts of the crime committed). Ruelas-Ramirez's contention that the language of the minute order is ambiguous and may not reflect the stipulated factual basis for his plea is unpersuasive. *See Snellenberger*, 548 F.3d at 702 ("Having failed to challenge or correct the minute order in state court – perhaps because there wasn't a basis for doing so – [the defendant] is now bound by what it says . . . ."). Accordingly, the agency did not err in finding Ruelas-Ramirez removable under 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i).

**PETITION FOR REVIEW DENIED.**