**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERTO JESUS GARCIA, | No. 08-72351 |
| Petitioner, | BIA No. A092-451-179 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Withdrawn November 12, 2009
Argued August 10, 2010
Resubmitted March 7, 2011
San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Roberto Jesus Garcia, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order affirming the decision of the

immigration judge ("IJ") finding him removable as an alien convicted of an

aggravated felony. We have jurisdiction under 8 U.S.C. § 1252. We review de

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

novo whether Garcia has been convicted of a removable offense. *See Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1126-27 (9th Cir. 2007).

The BIA found that Garcia had been convicted of possession of methamphetamine with intent to sell, in violation of section 11378 of the California Health and Safety Code. This finding relied on two documents, a charging Information and an abstract of judgment. The Information alleged that Garcia "did unlawfully possess for purposes of sale a controlled substance, to wit, methamphetamine," in violation of California Health & Safety Code section 11378. The abstract states that Garcia pled guilty to "Possession for sale of a controlled substance-to wit, Methamphetamine."

A violation of section 11378 is not categorically an aggravated felony because "California law regulates the possession and sale of many substances that are not regulated by the [Controlled Substances Act]." *Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010). As a result, the BIA had to apply the modified categorical approach and "look beyond the language of the statute to a narrow, specified set of documents that are part of the record of conviction" to determine whether Garcia had been convicted of a removable offense. *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004). On the basis of the charging Information and abstract of judgment, the BIA concluded that Garcia had been

2

convicted of possession of methamphetamine, an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B); 21 U.S.C. § 812(c), sched. III(a)(3). Accordingly, the BIA ordered Garcia removed. 8 U.S.C. § 1227(a)(2)(A)(iii).

Petitioner argues that abstracts of judgment are unreliable and do not fall into the "narrow, specified set of documents" that are reliable enough to be used in the modified categorical approach, *Tokatly*, 371 F.3d at 620, and thus the documents in the record do not support a finding that he was convicted of an aggravated felony. Petitioner further argues that the en banc decision in *United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008) (en banc), *cert. denied*, 130 S. Ct. 1048 (2010), did not overrule prior decisions holding that abstracts of judgment cannot be used in the modified categorical approach.

It is true that, prior to *Snellenberger*, an abstract of judgment *alone* was not considered sufficiently reliable to prove a prior conviction for an aggravated felony. *See Sandoval-Lua*, 499 F.3d at 1130 n.8; *United States v. Narvaez-Gomez*, 489 F.3d 970, 977 (9th Cir. 2007); *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004). This rule, however, did not survive *Snellenberger*, which held that a California minute order was sufficiently reliable to prove an aggravated felony conviction. *See United States v. Strickland*, 601 F.3d 963, 968–71 (9th Cir.) (en banc) (relying on *Snellenberger* to hold that docket sheet *alone* was sufficient

3

to prove prior conviction where it specified conduct that constitutes a predicate sex offense under 18 U.S.C. § 2252A(b)), *cert. denied*, 131 S. Ct. 505 (2010). Minute orders and abstracts of judgment are quite similar. *See Snellenberger*, 548 F.3d at 701–02 (describing minute orders); *People v. Delgado*, 183 P.3d 1226, 1234 (Cal. 2008) (describing abstracts of judgment).

Furthermore, this court held even before *Snellenberger* that an abstract of judgment can be used in conjunction with a charging document to prove a prior conviction for an aggravated felony, provided that the documents together specify conduct that constitutes an aggravated felony. *See United States v. Velasco-Medina*, 305 F.3d 839, 852–53 (9th Cir. 2002). Both Garcia's abstract of judgment and his charging Information specify that he was convicted of possessing methamphetamine with intent to sell, an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B); 21 U.S.C. § 812(c), sched. III(a)(3). Petitioner is removable on that ground.

Petitioner also argues that his plea agreement, which indicates that he pled no contest to California Health and Safety Code section 11378 but does not state what controlled substance he possessed, casts doubt on his abstract of judgment. This argument was not raised before the BIA and thus this panel does not have jurisdiction to hear it. *See* 8 U.S.C. § 1252(d)(1); *see also Zara v. Ashcroft*, 383

4

F.3d 927, 930 (9th Cir. 2004); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The petition is **DENIED**.