**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50050 |
| Plaintiff – Appellee, | D.C. No. CR-10-00330-PSG |
| v. | |
| ALFONSO ANORVE-VERDUZCO, | MEMORANDUM* |
| Defendant – Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip Gutierrez, District Judge, Presiding

Argued and Submitted April 11, 2012
Pasadena, California

Before: ANDREW J. KLEINFELD and MILAN D. SMITH, JR., Circuit Judges,
and ALGENON L. MARBLEY, District Judge.**

Appellant Alfonso Anorve-Verduzco pled guilty to illegal reentry following

deportation in violation of 8 U.S.C. §§ 1326(a), (b)(1). At sentencing, the district

court found that Verduzco's prior conviction for possession or purchase for sale of

designated controlled substances in violation of California Health and Safety Code

---

*This disposition is not appropriate for publication and is not precedent except as provided by
Ninth Circuit Rule 36-3.
**The Honorable Algenon L. Marbley, United States District Judge for the Southern District of
Ohio, sitting by designation.

section 11351, was a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i) and imposed the 16-level enhancement prescribed in that section. Verduzco appealed, arguing that the district court was correct when it ruled that his prior California conviction did not categorically qualify as a "drug trafficking offense," but that it erred when it found that the prior California conviction qualified as a "drug trafficking offense" under the modified categorical approach.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and review *de novo* a district court's determination that a prior conviction qualifies for a sentencing enhancement under U.S.S.G. § 2L1.2. *United States v. Valle-Montalbo*, 474 F.3d 1197, 1199 (9th Cir. 2007) (citing *United States v. Villa-Lara*, 451 F.3d 963, 964 (9th Cir. 2006)). For the following reasons, the district court's decision is affirmed.

Courts considering whether a prior conviction is sufficient to trigger one of the prior conviction enhancements under § 2L1.2 must begin with the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See, e.g.*, *United States v. Benitez-Perez*, 367 F.3d 1200, 1203 (9th Cir. 2004) (explaining that to determine whether a prior conviction qualifies as a predicate offense for the 16-level enhancement under § 2L1.2, the court must first apply *Taylor*'s categorical approach); *United States v. Pimentel-Flores*, 339 F.3d 959, 967–68 (9th

Cir. 2003) (same). For the reasons articulated in *United States v. Leal-Vega*, No. 11-50065,[1] we hold that a conviction for possession or purchase for sale of designated controlled substances under California Health and Safety Code section 11351 does not categorically qualify as a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i).

Turning to the modified categorical approach, Count Four of the Information charging Verduzco indicates that he "unlawfully possess[ed] for sale and purchase[d] for sale a controlled substance, to wit, cocaine" under California Health and Safety Code section 11351, (ER 6), and the Abstract of Judgment indicates that Verduzco pleaded guilty to Count Four for "Poss narc crtl subs for sale" under code "HS," section number "11351," (ER 7). Taken together, these documents indicate, "with reasonable certainty," that Verduzco was convicted of possession or purchase for sale of a cocaine under California Health and Safety Code section 11351. *See United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc) (applying a "reasonable certainty" standard under the modified categorical approach). Count Four and section 11351 of the California Health and Safety Code are referenced in both documents, providing a sufficient link between the documents for us to conclude that Verduzco pled guilty to possessing or purchasing for sale cocaine, which is referenced in the Information.

---

[1]*Verduzco* and *Leal-Vega* are related cases that were argued in front of us on the same day.

Cocaine is one of the drugs listed on the federal Controlled Substances Act ("CSA") schedules, and accordingly, Verduzco's prior California conviction is a "drug trafficking offense" as defined under U.S.S.G. § 2L1.2(b)(1)(A)(i).

Verduzco offers three rationales to support his contention that the district court erred when it held that his prior California conviction qualified as a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i) under the modified categorical approach. First, in *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc), we held that a charging document is sufficient to establish a prior conviction if the judgment explicitly indicates that the defendant pled guilty or was found guilty "as charged in the information," and those magic words were not present on Verduzco's Abstract of Judgment. We, however, decline to read *Vidal*'s holding so broadly and find our reasoning in our more recent en banc decision, *Snellenberger*, persuasive. *Snellenberger*, 548 F.3d at 701 (relying on count one of an information and a minute order stating that the defendant pleaded nolo contendere to "count[] 1" to conclude the defendant's conviction was a generic burglary within the meaning of *Taylor*, even though the minute order did not contain the words "as charged in the information").

Second, Verduzco contends that the district court erred when it found that the word "narc" in the Abstract of Judgment sufficiently narrows the offense

because the California definition of "narcotics" includes only substances that are also found in the CSA schedules. Third, Verduzco asserts that there can be no certainty as to why the word "narc" rather than "cocaine" was used in the Abstract of Judgment and this ambiguity forces us to "read[] between the lines," which we should not do under the modified categorical approach. *See United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004). We decline to reach these issues because it is clear from the record before us that the drug at issue in Verduzco's conviction was cocaine.

Finally, we must address the Request for Judicial Notice that the Government filed simultaneously with its Answering Brief, inviting us to take judicial notice of Verduzco's Plea Colloquy Transcript from his prior California cocaine-trafficking case. It is unnecessary for us to take judicial notice of the Plea Colloquy Transcript because the Information and Abstract of Judgment sufficiently demonstrate Verduzco's prior California conviction under the modified categorical approach. Even if judicial notice were necessary, however, there was no justification for the Government to have failed to present the Plea Colloquy Transcript to the district court in the first instance, and we decline to take judicial notice of facts that were not before the district court. *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000) ("It is rarely appropriate for an appellate

court to take judicial notice of facts that were not before the district court."); *see Reina Rodriquez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) ("Appellate courts are not sentencing courts.").

**AFFIRMED.**