NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10241 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03324-DCB-JJM-1 |
| v. | |
| REMEDIOS CATALAN-ENCARNACION, AKA Remedios Catalan, AKA Irma Catalan-Encarnacion, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
George C. Steeh, District Judge, Presiding [**]

Argued and Submitted May 18, 2012
San Francisco, California

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SELNA, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable George C. Steeh, District Judge for the U.S. District Court for Eastern Michigan, presiding as a visiting judge.

[***]     The Honorable James V. Selna, District Judge for the U.S. District Court for Central California, sitting by designation.

Remedios Catalan-Encarnacion appeals from her sentence for illegally reentering this country after previous deportation in violation of 8 U.S.C. § 1326. We conclude that the records of Catalan's prior conviction for "sale of a controlled substance" under California Health and Safety Code § 11379(a) do not establish that she was convicted of a "drug trafficking offense" for the purposes of § 2L1.2(b)(1)(B) of the Sentencing Guidelines. We therefore vacate Catalan's sentence and remand for re-sentencing.

A conviction for violation of California Health and Safety Code § 11379(a) does not categorically qualify as a "drug trafficking offense" under the Sentencing Guidelines. *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004), *overruled on other grounds by United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc). Section 11379(a) allows the conviction of any person who " transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport" certain controlled substances. Some of this conduct qualifies as drug trafficking under § 2L1.2(b)(1)(B), but some does not. *Navidad-Marcos,* 367 F.3d at 908 (citing *United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir.2001) (en banc)). In particular, transporting drugs for personal use or offering to traffic in drugs does not qualify. *Id*.

2

Catalan pled guilty to a count that alleged in the conjunctive that she "did unlawfully transport, import into the state of California, sell, furnish, administer, and give away, and offer to transport, import into the state of California, sell, furnish, administer, and give away, and attempt to import into the state of California and transport a controlled substance, to wit, methamphetamine." *See* Cal. Health & Safety Code § 11379(a). We have held that a plea of guilty to a count that merely re-states in the conjunctive all of the alternative ways a defendant may violate a disjunctively-phrased statute does not count as an admission of all of the conduct alleged. *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1082 (9th Cir. 2007).[1] Catalan's plea therefore does not clarify whether she admitted to a drug trafficking offense such as importing drugs for sale or to a non-drug trafficking offense such as offering to transport drugs for personal use.

The government points out that as part of Catalan's plea agreement, the prosecution apparently dismissed Count 2, which also charged Catalan under

---

[1] In *Snellenberger*, we concluded that a defendant who pled guilty to a burglary count that charged him with "enter[ing] an inhabited dwelling house and trailer coach and inhabited portion of a building" thereby admitted to entering a dwelling. 548 F.3d at 701 (alteration in original). The charge in *Snellenberger*, however, unlike the charges in *Malta-Espinoza* and this case, did not re-state all of the different ways the defendant could violate the relevant statute, but picked out the "dwelling house," "trailer coach," and "inhabited portion" variants from a list that included at least a dozen other variants. *Id.*; California Health & Safety Code § 459.

§ 11379(a), but which alleged only that she transported methamphetamine, not the other variants alleged in Count 1. The government argues that the dismissal of Count 2 means that Catalan's plea to Count 1 could not have admitted transport alone, but must have admitted some form of more serious misconduct. Although there may be some logic in that inference, it is far from certain that the state prosecutors drafted the two counts to be logically and mutually exclusive. Count 1 did allege unlawful "transport," after all. If the counts overlapped, dismissal of Count 2 does not necessarily tell us anything about Count 1. And even if we were to agree that the dismissal of Count 2 rules out the possibility that Catalan pled guilty only to transport, that does not rule out the possibility that Catalan admitted to "offer[ing] to transport, import into the state of California, sell, furnish, administer, [or] give away" methamphetamine, which also does not qualify as "drug trafficking." *Navidad-Marcos,* 367 F.3d at 908. At best, therefore, the dismissal of Count 2 shows only that Catalan was *probably* convicted of drug trafficking. The modified categorical approach requires more certainty. *See, e.g.*, *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 946 (9th Cir. 2011) (en banc).

We conclude that the records produced for the purposes of Catalan's sentencing do not clarify whether she was convicted of a drug trafficking offense, and that the district court therefore erred by applying a 16-level sentencing

4

enhancement under § 2L1.2(b)(1)(A) of the Sentencing Guidelines. We vacate

Catalan's sentence and remand for re-sentencing.

**SENTENCE VACATED AND REMANDED.**