**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER F. ENCARNACION, AKA Jennifer F. Lu Gallindo<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-71863<br><br>Agency No. A078-444-408<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014**

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Jennifer F. Encarnacion, a native and citizen of Peru, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny the petition for review.

Under the modified categorical analysis, the abstract of judgment, the minute order, and the felony complaint, taken together, show that Encarnacion pled guilty to possession for sale of methamphetamine under California Health & Safety Code § 11378. *See id.* at 984-86; *Cabantac v. Holder*, 736 F.3d 787, 793-94 (9th Cir. 2013) (per curiam) (Where "the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."); *United States v. Snellenberger*, 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc) (per curiam) (a minute order is sufficiently reliable to be used in applying the modified categorical approach in tandem with a complaint). Accordingly, the agency properly concluded that the Department of Homeland Security presented clear and convincing evidence that Encarnacion is removable under 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i).

Encarnacion's contention that the BIA engaged in impermissible fact-finding is not supported by the record.

**PETITION FOR REVIEW DENIED.**

12-71863