**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DENNIS STRICKLAND,
*Defendant-Appellant.*

No. 08-30091

D.C. No.
CR-07-21-H-CCL

OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted January 20, 2009*
Seattle, Washington

Filed March 2, 2009

Before: Thomas M. Reavley,** Senior Circuit Judge,
Richard C. Tallman and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Reavley

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

**The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

## COUNSEL

Michael Donahoe, Federal Defenders of Montana, Helena, Montana, for the defendant-appellant.

Marcia Hurd and Eric B. Wolff, Assistant United States Attorneys, Billings, Montana, for the plaintiff-appellee.

## OPINION

REAVLEY, Senior Circuit Judge:

Dennis Strickland appeals following his guilty-plea conviction for receipt and possession of child pornography. He challenges the Government's proof at sentencing that a prior Maryland conviction for child abuse was a predicate offense relating to sexual abuse under 18 U.S.C. § 2252A(b)(1) and (2) resulting in an increased statutory minimum and maximum sentence. We conclude that the district court properly applied the modified categorical approach of *Taylor v. United States*[1] and correctly found that Strickland's admissions in state sex offender registration documents constituted sufficient proof that his prior conviction was a qualifying predicate offense. We therefore AFFIRM the district court's judgment.

---

[1]495 U.S. 575, 599-602, 110 S. Ct. 2143 (1990).

## I.

Strickland was charged in a two-count indictment with Receipt of Child Pornography (Count I), in violation of 18 U.S.C. § 2252A(a)(2), and Possession of Child Pornography (Count II), in violation of 18 U.S.C. § 2252A(a)(5)(B). He pleaded guilty to both counts without a plea agreement.

Strickland's presentence report (PSR) assigned a base offense level of 22 but deducted two points because his conduct was limited to receipt or solicitation of material involving the sexual exploitation of a minor, and he did not intend to traffic in, or distribute, the material. *See* U.S.S.G. § 2G2.2(b)(1). The PSR applied multiple sentencing enhancements because of the nature of the pornographic material, the number of images involved, the use of a computer, and Strickland's having engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. *See* U.S.S.G. §§ 2G2.2(b)(2), (4)-(7). The PSR noted that Strickland had been convicted in Maryland in 2002 for child abuse. Strickland was charged under former MD. CODE art. 27, § 35C (currently codified at MD. CODE ANN., CRIM. LAW § 3-601). According to the PSR, in June 2002, the Baltimore County Police received a referral from a therapist advising that Strickland and his wife revealed that Strickland had been abusing his step-son for approximately one year. The PSR described the incidents of abuse in graphic detail and related Strickland's subsequent admission to police that he had performed oral sex on his step-son. Strickland subsequently pleaded guilty to child abuse, and the PSR treated the conviction as a sexual offense, thereby triggering heightened statutory minimum and maximum sentences.[2] The PSR determined that Str-

---

[2]Strickland's statutory minimum and maximum sentence for Count I was increased from five to 20 years to 15 to 40 years. *See* 18 U.S.C. § 2252A(b)(1). His sentencing exposure for Count II was increased from "not more than 10 years" to "not less than 10 years nor more than 20 years." *See* 18 U.S.C. § 2252A(b)(2).

ickland's total offense level was 35, his criminal history category was III, and his advisory sentencing guideline range was 210 to 262 months.

Strickland objected that his Maryland conviction was not categorically a predicate offense under 18 U.S.C. § 2252A(b) and could not be used to enhance his statutory penalties. If that were correct, his sentence for the Count II violation would be excessive under the terms of 18 U.S.C. § 2252A(b)(2). Strickland reasoned that because the Maryland statute punished physical, as well as sexual, abuse of children, it was overinclusive insofar as a prior conviction solely for physical abuse would not be a qualifying offense. He argued that the Government failed to introduce acceptable documentation to prove that his prior offense was related to sexual abuse.[3]

At the sentencing hearing, the Government introduced several documents in support of the enhancement. It offered an uncertified docket sheet from the Circuit Court for Baltimore County, Maryland, showing that in July 2002 Strickland had been charged with one count of child abuse; two counts of sexual offense—fourth degree; two counts of attempted sexual offense—fourth degree; and one count of perverted practice. In November 2002 Strickland pleaded guilty to the offense of child abuse, and all other charges were dismissed. Under the heading "Docket Information," the docket sheet stated that Strickland was to "register DNA" and that "Defendant is a child sex offender."

The Government also offered sex offender registration documents signed by Strickland from the states of Washington and Montana, both of which required Strickland to register after he moved to those states following the Maryland conviction. The Montana documentation showed that Strickland reg-

---

[3] Strickland also objected to several other sentencing enhancements in the PSR, but he abandoned those objections at the sentencing hearing and they are not part of the instant appeal.

istered with the Montana Department of Justice as a sex offender on February 8, 2006, due to his Maryland conviction. The form indicated that the sentencing had occurred in November 2002, and that the victim had been his 16-year-old step-son. Strickland signed a "Sexual and Violent Offender Registration Form" before a witness, who also signed the document. In August 2006, Strickland submitted a change of address form to the Great Falls, Montana, Police Department. The Washington documentation showed that Strickland registered with the King County Sheriff on June 20, 2007, by signing a "Sex and Kidnapping Offender Registration Notification." A witness also signed that document.

The district court held that the Baltimore County docket sheet was part of the state court record and therefore could be properly considered. The court concluded that it was accurate beyond a reasonable doubt given the other information and evidence before the court, including the two state sexual offender registration forms. The court overruled Strickland's objection and concluded that the PSR calculations were correct. The court sentenced Strickland to concurrent terms of 240 months for each count of the indictment.

## II.

Strickland argues on appeal that the Government failed to produce judicially noticeable documents sufficient to prove that his Maryland conviction for child abuse was a predicate offense under 18 U.S.C. § 2252A(b). He contends that the court misapplied the modified categorical approach and improperly relied on the PSR, the Maryland docket sheet, and the two sex offender registration forms when determining that his prior conviction was a predicate offense. The district court's conclusion that a prior conviction qualifies for a sentencing enhancement is reviewed *de novo*. *United States v. Almazan-Becerra*.[4]

---

[4] 537 F.3d 1094, 1097 (9th Cir. 2008).

**[1]** A defendant convicted for violating § 2252A is subject to an enhanced sentence if he has a prior state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."[5] We have broadly interpreted this statute to apply not simply to state offenses that are equivalent to sexual abuse, but rather to "any state offense that stands in some relation, bears upon, or is associated with that generic offense." *United States v. Sinerius*.[6]

**[2]** The determination whether a prior conviction qualifies as a predicate sex offense under § 2252A(b) is governed by the categorical approach announced in *Taylor v. United States*.[7] The categorical approach "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense."[8] This approach requires a comparison of the elements of the state criminal offense with the predicate offense as defined in the federal statute.[9] Here, the terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor" found in § 2252A(b) must be compared with the elements of the Maryland child abuse statute under which Strickland was convicted.[10] Under this approach, a conviction under the Maryland statute will categorically qualify as a predicate offense "only if the full range of conduct covered by the [Maryland] statute falls within the meaning of those terms."[11]

---

[5]18 U.S.C. § 2252A(b)(1) & (b)(2).

[6]504 F.3d 737, 743 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1293 (2008).

[7]*Id.* at 740.

[8]*Taylor*, 495 U.S. at 602, 110 S. Ct. at 2160.

[9]*Sinerius*, 504 F.3d at 740.

[10]*See id.*

[11]*Id.*; *see also United States v. Baza-Martinez*, 464 F.3d 1010, 1014 (9th Cir. 2006) ("[I]n order for a violation of the state statute to qualify as a predicate offense, the full range of conduct covered by the state statute must fall within the scope of the federal statutory provision." (internal quotation and citation omitted)).

**[3]** The Government here concedes that Strickland's conviction for the Maryland offense of child abuse is not categorically an offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" because at the time of Strickland's offense the Maryland statute defined child abuse to include both "physical injury" and "sexual abuse."[12] The Maryland statute thus covered conduct that is broader than the conduct contemplated by § 2252A(b), which requires that the prior offense be related to *sexual* abuse to qualify for an enhanced federal sentence. Because the full range of conduct covered by the Maryland statute does not fall within the meaning of the federal statute, Strickland's prior conviction is not categorically a predicate offense under § 2252A(b). This does not end our inquiry, however.

**[4]** Where, as here, a state statute is overbroad as compared to the federal definition of a predicate offense, we apply a modified categorical approach and make a limited inquiry into the facts of the underlying conviction to determine whether it qualifies for an enhancement. *See United States v. Gomez-Leon.*[13] Under this limited inquiry, we generally consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States.*[14] The list of approved documents enumerated in *Shepard* is illustrative, as other documents of

---

[12]*See* MD. CODE art. 27, § 35C(a)(2) (2002) (repealed eff. Oct. 1, 2002). Physical injury and sexual abuse of children are now covered in separate statutory provisions. *See* MD. CODE ANN., CRIM. LAW §§ 3-601, 3-602.

[13]545 F.3d 777, 783-84 (9th Cir. 2008); *see United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc) (per curiam) (where categorical approach is inapplicable because state statute is overbroad "we must use the so called modified categorical approach, which requires us to determine—if we can—whether the conduct for which the defendant was convicted fits within the federal definition of the offense").

[14]544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005); *see also Gomez-Leon*, 545 F.3d at 784.

equal reliability may also be considered.[15] Our aim is to determine whether documentation or judicially noticeable facts clearly establish that the defendant pleaded guilty to facts covered by the predicate offense. *United States v. Crawford.*[16]

**[5]** A certainty that the defendant had pleaded guilty to a predicate offense may come from the " 'defendant's own admissions.' "[17] Typically, these admissions are apparent when we review a defendant's plea colloquy in conjunction with a charging document or judgment, but admissions may also allow consideration of other documents containing the necessary facts for a predicate offense. *See Parrilla v. Gonzales.*[18] We have previously upheld the district court's consideration of many types of documents, even those that normally fall outside the scope of *Shepard*, where the defendant had stipulated to or adopted the accuracy of the information in the documents forming the basis of the plea.[19]

---

[15]*Snellenberger*, 548 F.3d at 701.

[16]520 F.3d 1072, 1078 (9th Cir.), *cert. denied*, 129 S. Ct. 433 (2008); *Gomez-Leon*, 545 F.3d at 784.

[17]*See United States v. Espinoza-Cano*, 456 F.3d 1126, 1132 (9th Cir. 2006) (quoting *Shepard*, 544 U.S. at 25, 125 S. Ct. at 1262).

[18]414 F.3d 1038, 1044 (9th Cir. 2005) ("Although police reports and complaint applications, standing alone, may not be used to enhance a sentence following a criminal conviction, . . . the contents of these documents may be considered if specifically incorporated into the guilty plea or admitted by a defendant.").

[19]*See, e.g.*, *Almazan-Becerra*, 537 F.3d at 1098-1100 (holding that district court properly considered a police report that the defendant had stipulated contained a factual basis for his plea); *Espinoza-Cano*, 456 F.3d at 1132 (district court correctly considered a police report that was incorporated by reference into the charging document and was assented to by the defendant); *Parrilla*, 414 F.3d at 1044 (factual statements in a certificate of determination of probable cause were properly considered where defendant explicitly incorporated the certificate into his guilty plea); *United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1215, 1218-20 (9th Cir. 2005) (district court considered a defense motion to set aside charges that defense counsel stipulated contained a factual basis for a plea).

**[6]** Although in the instant case we do not have before us a charging document or plea colloquy from Strickland's Maryland conviction, we do have Strickland's signed sex offender registration forms, which resulted directly and indisputably from that conviction. We think these forms, especially the Montana registration, are significant and establish under the circumstances of this case an admission that the Maryland conviction for child abuse was an offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." § 2252A(b).

The Montana registration form, which was executed in 2006, showed that Strickland submitted a new registration in Montana because of an out-of-state "sexual" offense committed in Maryland. The form reported that the sentencing for that offense had occurred in November 2002 for a crime committed in White Marsh, Maryland. It also reported that the victim was Strickland's 16-year-old step-son. All of these facts are consistent with the narrative of the prior offense found in the PSR and the facts in the state court docket sheet. Furthermore, the registration form showed that Strickland had completed sex offender treatment in April 2005.

The Washington sex offender registration form, which was executed in 2007, contained no information concerning the specific offense Strickland committed but in conjunction with the Montana registration shows a consistency in Strickland's conduct. Under both Montana and Washington state law, Strickland had a duty to register with state authorities upon residing in those states if he had a prior conviction for a sex offense.[20] Strickland complied with his duty by executing the Montana form, with its specific admission of the prior sexual offense, and then by continuing his registration upon executing the Washington form.[21]

---

[20]*See* MONT. CODE ANN. § 46-23-504(1)(c); WASH. REV. Code § 9A.44.130.

[21]*Cf. United States v. Moran*, 759 F.2d 777, 786 (9th Cir. 1985) (concluding that letters and other documents signed by defendant were admissions of a party opponent and admissible as such).

**[7]** Strickland signed both forms before witnesses, who also executed the documents, thereby assenting to their contents. Strickland has never contested the authenticity of the documents or his signature, and we cannot help but conclude, in light of Strickland's registration duty under the state laws, that his admissions found in the documents are sufficient to show that the prior Maryland offense related to abusive sexual conduct involving a minor. Our conclusion is further supported by the fact that when Strickland pleaded guilty in this case, he agreed with the Government's factual basis at the re-arraignment that he was a registered and prior convicted sex offender.

Strickland argues that we should not consider the Montana sex offender registration form for several reasons. He asserts, correctly, that the prior offense reported in that form was for second degree assault, which does not match the information in the PSR or in the Maryland docket sheet concerning the child abuse conviction. It is clear, however, that the form can be referring only to the Maryland child abuse offense involving Strickland's step-son because it reports the same victim, location, and date of that offense, as well as Strickland's admission that the offense was "sexual" in nature. In short, by signing the document Strickland admitted committing a sexual offense and undergoing sex offender treatment as a result. This admission alone is powerful evidence that the prior offense was enough for an enhanced sentence under § 2252A(b).

Strickland also argues that the Montana registration form does not reference the same offense location as his prior conviction because it states that the offense occurred in White Marsh, Maryland, whereas his sentencing for child abuse occurred in the Circuit Court for Baltimore County. We take judicial notice, however, that White Marsh is located in Baltimore County, Maryland.[22]

---

[22]*See* http://maryland.hometownlocator.com/md/baltimore/white-marsh .cfm; *see also Greeson v. Imperial Irrigation Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of public facts and geographical positions, and also populations of cities and counties . . . .").

**[8]** In sum, Strickland's acknowledgment and admissions found in the state sex offender registration forms constituted judicially noticeable facts and confirmed the other information before the district court at sentencing. The district court properly considered the forms under the modified categorical approach and correctly determined that Strickland's conviction for child abuse qualified as a predicate offense under § 2252A(b) and subjected him to enhanced penalties. The district court's judgment is therefore AFFIRMED.