Opinion by Judge CALLAHAN; Concurrence by Cheif Judge KOZINSKI; Concurrence by Judge THOMAS; Dissent by Judge BERZON; Dissent by Judge REINHARDT.
CALLAHAN, Circuit Judge:
Dennis Strickland appeals following his guilty-plea conviction for receipt and possession of child pornography. He challenges the government’s proof at sentencing that a prior Maryland conviction for child abuse was a predicate offense relating to sexual abuse of a minor under 18 U.S.C. § 2252A(b)(l) and (2) resulting in an increased statutory minimum and maximum sentence. To show that the prior Maryland conviction was a predicate offense, the government offered a Maryland court docket sheet and sex offender registration documents signed by Strickland from the states of Washington and Montana. We affirm the district court’s judgment on the basis that the docket sheet for the Maryland conviction establishes that the predicate offense was for sexual abuse of a child, and accordingly, do not reach the question of whether the district court could consider Strickland’s sex offender registration forms.
I
Strickland was charged in a two-count indictment with Receipt of Child Pornography (Count I), in violation of 18 U.S.C. § 2252A(a)(2), and Possession of Child Pornography (Count II), in violation of 18 U.S.C. § 2252A(a)(5)(B). He pleaded guilty to both counts without a plea agreement. Strickland’s presentence report (“PSR”) noted that he had been convicted in Maryland in 2002 for child abuse.[1] The *966 PSR described the incidents of abuse in graphic detail, and treated the conviction as a sexual offense. Strickland subsequently pleaded guilty, and the prior sexual offense triggered heightened statutory minimum and maximum sentences.[2] The PSR determined that Strickland’s total offense level was 35, his criminal history category was III, and his advisory sentencing guideline range was 210 to 262 months.
Strickland objected that his Maryland conviction was not categorically a predicate offense under 18 U.S.C. § 2252A(b) and could not be used to enhance his statutory penalties. Strickland reasoned that the Maryland statute proscribed both physical and sexual abuse of a minor, and was therefore over-inclusive because a pri- or conviction solely for physical abuse would not be a qualifying offense under § 2252A(b). He argued that the government failed to introduce acceptable documentation to prove that his prior offense was related to sexual abuse.[3]
At the sentencing hearing, the government introduced several documents in support of the enhancement. It offered an uncertified docket sheet from the Circuit Court for Baltimore County, Maryland, showing that in July 2002, Strickland had been charged with one count of “child abuse” pursuant to MARYLAND CODE ART. 27, § 35C; two counts of sexual offense-fourth degree; two counts of attempted sexual offense-fourth degree; and one count of perverted practice. In November 2002, Strickland pleaded guilty to the count of “child abuse” and the other charges were dismissed. Under the heading “Docket Information,” the docket sheet stated: “Registration required under Criminal Procedure Sec. 11-704. Defendant to register DNA. Defendant is a child sex offender.”
The government also offered sex offender registration documents signed by Strickland from the states of Washington and Montana. Strickland had registered in these states as required by their laws when he had moved to those states following his Maryland conviction.
The district court held that the Baltimore County docket sheet was part of the state court record and therefore could properly be considered. The court concluded that the docket sheet was accurate beyond a reasonable doubt given the other information and evidence before the court, including the two state sexual offender registration forms. The court overruled Strickland’s objection and concluded that the PSR calculations were correct. The court sentenced Strickland to concurrent terms of 240 months incarceration on each count of the indictment.
Strickland appealed and a three-judge panel of our court affirmed the district court’s judgment, holding that the sex offender registration forms could be considered when determining the nature of Strickland’s 2002 Maryland conviction. United States v. Strickland, 556 F.3d 1069, 1070(9th Cir.2009). We then voted to rehear this appeal en banc. United States v. Strickland, 569 F.3d 956, 957 (9th Cir.2009).
*967 II
On appeal, Strickland argues that the government failed to produce judicially noticeable documents sufficient to prove that his Maryland conviction for child abuse was a predicate offense under 18 U.S.C. § 2252A(b). He contends that the court misapplied the modified categorical approach and improperly relied on the PSR, the Maryland docket sheet, and the two sex offender registration forms when determining that his prior conviction was a predicate offense. “We review de novo a district court’s conclusion that a prior conviction qualifies for a sentencing enhancement.” United States v. Almazan-Becerra, 537 F.3d 1094, 1097 (9th Cir.2008).
A defendant convicted for violating § 2252A is subject to an enhanced sentence if he has a prior state conviction “relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor.” 18 U.S.C. § 2252A(b)(l), (2). We have broadly interpreted this statute to apply not simply to state offenses that are equivalent to sexual abuse, but rather to “any state offense that stands in some relation, bears upon, or is associated with that generic offense.” United States v. Sinerius, 504 F.3d 737, 743 (9th Cir.2007).
The determination of whether a prior conviction qualifies as a predicate sex offense under § 2252A(b) is governed by the categorical approach announced in Taylor v. United States, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The categorical approach “generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.” Id. at 602, 110 S.Ct. 2143. This approach requires a comparison of the elements of the state criminal offense with the predicate offense as defined in the federal statute. Sinerius, 504 F.3d at 740. Here, the terms “aggravated sexual abuse,” “sexual abuse,” and “abusive sexual conduct involving a minor” found in § 2252A(b) must be compared with the elements of the Maryland child abuse statute under which Strickland was convicted. Under this approach, a conviction under the Maryland statute will categorically qualify as a predicate offense “only if the full range of conduct covered by the[Maryland] statute falls within the meaning of those terms.” Id.; see also United States v. Baza-Martinez, 464 F.3d 1010, 1014(9th Cir.2006) (“[I]n order for a violation of the state statute to qualify as a predicate offense, the full range of conduct covered by the state statute must fall within the scope of the federal statutory provision.”) (internal quotation marks and citation omitted) (alteration in original).
The government here concedes that Strickland’s conviction for the Maryland offense of child abuse is not categorically an offense “relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor” because at the time of Strickland’s offense the Maryland statute defined child abuse to include both “physical injury” and “sexual abuse.”[4] The Maryland statute thus covered conduct that is broader than the conduct contemplated by § 2252A(b), which requires that the prior offense be related to sexual abuse to qualify for an enhanced federal sentence. Because the full range of conduct covered by the Maryland statute does not fall within the meaning of the federal statute, Strickland’s prior conviction is not categorically a predicate offense under § 2252A(b).
Where, as here, the state statute is broader than the federal definition of a predicate offense, “we must use the so *968 called modified categorical approach, which requires us to determine — if we can — whether the conduct for which the defendant was convicted fits within the federal definition of the offense.” United States v. Snellenberger, 548 F.3d 699, 701 (9th Cir.2008) (en banc) (citing Taylor, 495 U.S. at 602, 110 S.Ct. 2143). In doing so, the Supreme Court has directed that the inquiry is “generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.” Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). This list, however, is illustrative and other “documents of equal reliability may also be considered.” Snellenberger, 548 F.3d at 701. Our purpose is to determine whether documentation or judicially noticeable facts clearly establish that the defendant pleaded guilty to facts covered by the predicate offense. United States v. Gomez-Leon, 545 F.3d 777, 783-84 (9th Cir.2008) (noting that “we may make a limited inquiry into the facts of the underlying conviction to determine whether the conviction was based on all of the elements of a qualifying predicate offense”) (internal quotation marks and citation omitted); United States v. Crawford, 520 F.3d 1072, 1078 (9th Cir.2008) (noting that a prior offense may qualify as a career offender predicate offense if “documentation or judicially noticeable facts clearly establish that the conviction is a predicate conviction for enhancement purposes”) (quotation marks and alteration omitted).
Ill
We determine that the docket sheet from the Maryland Circuit Court clearly establishes that Strickland pleaded guilty to sexual abuse of a minor, and thus the district court properly gave him an enhanced sentence. In reaching this conclusion we determine that: (1) pursuant to our decision in Snellenberger, the district court properly considered the docket sheet; (2) in this instance, there was no need for the docket sheet to be certified; and (3) the docket sheet clearly indicates that Strickland pleaded guilty to sexual abuse of a minor.
A. The district court properly reviewed the docket sheet.
In Snellenberger, we held that a court may consider a clerk’s minute order when applying the modified categorical approach. 548 F.3d at 702. We held that the minute order had the requisite reliability because (1) it was “prepared by a court official at the time the guilty plea is taken (or shortly afterward),” (2) the “official is charged by law with recording the proceedings accurately,” and (3) “the defendant had the right to examine and challenge its content.” Id.
The docket sheet from the Circuit Court of Maryland meets these criteria. First, the Maryland Rules provide that the clerks of Maryland Circuit Courts are responsible for maintaining dockets. Md. Rule 16-305. Second, Maryland law provides that the court clerk has “custody of the books, records, and papers of his office” and shall “[m]ake proper legible entries of all proceedings of the court and keep them in well-bounded books or other permanent form.” Md. Code Ann., Cts. & Jud. Proc. § 2 — 201 (a)(1) — (2) (West 2009). Moreover, Maryland Rule 8 — 202(f) states that entry of a judgment in a case “occurs ... when the clerk ... first makes a record in the writing of the judgment ... on the file jacket, on a docket within the file, or in a docket book ... and records the actual date of the entry.” We determine that under the applicable state law, the docket sheet meets the first two criteria set forth in Snellenberger for use of a *969 document by a court when determining whether “the conduct for which the defendant was convicted fits within the federal definition of the offense.” 548 F.3d at 701.
Our review of Maryland case and statutory law shows that the docket sheet also meets the third prong of the Snellenberger standard. Rule 4-621 of the Maryland Rules states that “[cjlerical mistakes in ... parts of the record may be corrected by the court at any time on its own initiative, or on motion of any party after such notice.” The rules also provide that “[o]n motion or on its own initiative, the appellate court may order that an error or omission in the record be corrected.” Md. Rule 8 — 414(a). Furthermore, Maryland courts have held that mistakes in the docket entry should be corrected. Caldwell v. State, 164 Md.App. 612, 884 A.2d 199, 220 (2005) (holding that the clerk must correct the docket entries to reflect the not guilty verdict reflected in the transcript). Accordingly, we conclude that Strickland and his counsel had the right under Maryland law to examine and challenge the content of the docket sheet. Indeed, Strickland has not contended otherwise.
B. In this instance, the docket sheet did not have to be certified.
Despite existing Maryland law, Strickland argues that the district court should not have considered the docket sheet because it was not certified. When pressed at oral argument, counsel could not offer any reason for questioning the aceuracy of the docket sheet, but nonetheless asserted that unless it was certified the docket sheet could not be considered. Some support for this position might be extracted from the fact that “the government bears the burden to demonstrate that the prior conviction was a qualifying offense.” Gomez-Leon, 545 F.3d at 785; see also United States v. Kelly, 422 F.3d 889, 895 (9th Cir.2005) (noting that “the government has the burden to establish clearly and unequivocally the conviction was based on all of the elements of a qualifying predicate offense”) (internal quotation marks and citation omitted).
This burden, however, does not require that the government routinely provide a certified copy of a docket sheet or minute order, at least where, as here, there is no reason to question the proffered docket sheet’s authenticity or content. Although certification was not raised in Snellenberger, our conclusion that certification is not a prerequisite to consideration of a docket sheet flows from our discussion of a defendant’s responsibility to challenge a minute order.[5] In Snellenberger, we held that a defendant’s ability to check the case file and to ensure its accuracy, coupled with defense counsel’s professional obligation to do so, allowed a court to find that a minute order met the reliability standard set forth in Shepard. Snellenberger, 548 F.3d at 702. Pursuant to this approach, the fact that a docket sheet is not certified is not, in itself, a *970 legitimate ground for questioning its reliability. Rather, in light of the ability of a defendant to cheek the case file and the obligation of counsel to do so, a docket sheet, regular on its face, is entitled to a presumption of authenticity. Of course, if the defendant offers any reasonable ground for questioning the document, a district court may require that the document be certified or otherwise authenticated. However, here, counsel offered no reason to question the docket sheet. Accordingly, we hold that even without certification, the docket sheet, which Maryland law requires be prepared and maintained by a court clerk, and which defendant has a right to review and correct, is of sufficient reliability under Shepard and Snellenberger. Thus, the district court properly considered it in determining whether Strickland was convicted of sexual abuse of a minor.[6]
C. The docket sheet clearly indicates that Strickland pleaded guilty to sexual abuse of a minor.
Although the docket sheet is not a model of clarity, a fair reading of the document leaves no doubt that Strickland pleaded guilty to “abusive sexual conduct involving a minor.” 18 U.S.C. § 2252A(b)(l), (2). It is true that the statute to which he pleaded guilty, Maryland Code Art. 27 § 35C, included both “physical injury” and “sexual abuse” of a child. However, two entries on the docket sheet confirm that the plea was to sexual abuse. First, the docket sheet states, “Defendant is a child sex offender.” As Strickland only pleaded guilty to one count, that count must be the basis for this determination. Certainly, if it were inaccurate, Strickland or his attorney could have objected as allowed by Maryland law. See Caldwell, 884 A.2d at 220. Second, the docket sheet states: “Registration required under Criminal Procedure Sec. 11-704. Defendant to register DNA.” Section ll-704(a) requires registration of sexual offenders and child sexual offenders. Md. Code Ann., Crim. Proc. § 11 — 704(a) (West 2009). Because Strickland pleaded guilty to a single count, the requirement that he register under § ll-704(a) confirms that the plea was to sexual abuse rather than physical abuse of a child.[7] Thus, the only fair reading of the docket sheet is that Strickland pleaded guilty to sexual abuse of a minor.
IV
The modified categorical approach is not a judicial version of three-card monte. Rather, the challenge is to determine whether a conviction under a non-categorical state statute was clearly based on facts that meet the federal generic definition of the crime. See Taylor, 495 U.S. at 600-02, 110 S.Ct. 2143; Shepard, 544 U.S. at 25, *971 125 S.Ct. 1254; Snellenberger, 548 F.3d at 701. Here, the docket sheet, like the minute order in Snellenberger, has the requisite reliability to be considered and allows for no reasonable conclusion other than that Strickland pleaded guilty to sexual abuse of a child. Nothing more is required by statute or case law.[8] Accordingly, the district court’s enhancement of Strickland’s sentence is AFFIRMED.

. Strickland was convicted under former Maryland Code Art. 27, § 35C (currently codified *966 at Md.Code Ann., Crim. Law § 3-601(West 2009)).

. Strickland’s statutory minimum and maximum sentence for Count I was increased from 5 to 20 years to 15 to 40 years. See 18 U.S.C. § 2252A(b)(l). His sentencing range for Count II was increased from "not more than 10 years” to "not less than 10 years nor more than 20 years.” See 18 U.S.C. § 2252A(b)(2).

. Strickland also objected to several other sentencing enhancements in the PSR, but he abandoned those objections at the sentencing hearing and they are not part of the instant appeal.

. See md. code art. 27, § 35C(a)(2) (2002) (repealed eff. Oct. 1, 2002). Physical injury and sexual abuse of children are now covered in separate statutory provisions. See Md. Code Ann., Crim. Law, §§ 3-601, 3-602 (West 2009).

. We wrote:
It’s not clear from the record whether parties to a criminal case in California are given copies of the clerk’s minute order at the time it is placed in the case file, but there is certainly no suggestion that it’s a secret document. A defendant can always check the case file and ensure that any materials placed there accurately reflect the proceedings; presumably, doing so is part of every criminal defense lawyer's professional obligation. In any event, by analogy to transcripts, it's enough that the minute order was prepared by a neutral officer of the court, and that the defendant had the right to examine and challenge its content, whether or not he actually did. Having failed to challenge or correct the minute order in state court — perhaps because there wasn’t a basis for doing so — Snellenberger is now bound by what it says....
Snellenberger, 548 F.3d at 702.

. As our analysis makes clear, we hold that the district court properly relied upon the docket sheet because Maryland's numerous statutes and rules ensure that it complies with the requirements we announced in Snellenberger. We express no opinion as to whether a different state’s docket sheet would pass muster under those requirements.

. Section ll-704(a) requires the registration of "a child sexual offender,” an "offender,” a "sexually violent offender” and a "sexually violent predator.” Strickland was not alleged to be a "sexually violent offender” or a "sexually violent predator.” Accordingly, the registration requirement was premised on Strickland being a "child sexual offender” unless there is some plausible argument that he might have been an "offender,” and that an "offender” might include a person who had not engaged in abusive sexual conduct involving a minor. There is no such argument because under the definition of "offender” set forth in Section 11 — 701 (h) of the Maryland Code of Criminal Procedures, the only definitions of "offender” that fit the charge against Stricldand involve abusive sexual conduct with a minor.

. We express no opinion on the propriety of the district court's consideration of Strickland’s sex offender registration forms.