WALTER, District Judge,
dissenting:
After a thorough review of the facts and the law pertaining to this case, I respectfully dissent.
The unpublished opinion of the Court of Appeal, Fourth District for the State of California recounts the background facts *1153 surrounding the Defendant’s 1999 conviction for “anal and genital penetration by foreign object using force (Pen.Code, § 289, subd. (a)(1))” and “sexual battery by restraint (§ 243.4, subd. (a)).” According to that court:
On June 18, 1998, Jane Doe was walking from a train station in Ontario to pick up her son at his baby-sitter’s house. Defendant came from behind, put his arm around her neck and placed her in a headlock. Jane Doe did not know defendant and had never seen him before.
Defendant tried to kiss Jane Doe on the lips, but she turned her face away. He pulled her face toward him and kissed her on the face and neck and sucked on her neck. Defendant then touched Jane Doe’s breast and moved his hand down Jane Doe’s shorts. He rubbed his hand on her vagina and put at least one finger inside of it. He continued to keep his other arm around her neck and tightened his grip. During this ordeal, Jane Doe kept telling defendant “no,” and that she had to leave.
Jane Doe unsuccessfully tried to use her elbow to escape defendant’s hold on her. When she tried a second time, defendant let go.
Subsequently the Defendant was apprehended and convicted by a jury. He received an 8 year sentence. After being released, he was deported.
In January 2009, the Defendant plead guilty to attempted reentry following deportation in violation of 18 U.S.C. § 1326. Faced with the facts from the Defendant’s 1999 conviction, the District Court stated at sentencing:
The main bone of contention here obviously is whether the Defendant’s prior felony sex offense conviction is or is not a crime of violence justifying a 16-level upward adjustment under the guidelines. It appears to the Court that it is whether you look at [it] under [a] categorical or modified categorical approach as set forth in U.S. v. Taylor ... It seems clearly in the definitions of, in the guidelines, what we have is a crime of violence.
He was sentenced to 57 months. The Defendant appeals the 16-level increase the District Court imposed on his sentence as a result of the Court’s finding that the Defendant had previously been convicted of a “crime of violence.” The Defendant’s attorney did not dispute, at sentencing nor in her sentencing memorandum, the facts as set out by the state appellate court in 1999.
As the majority finds, the modified categorical approach states that a conviction constitutes a crime of violence “only if the record of conviction shows the jury ‘necessarily’ found all of the generic elements, or the defendant ‘necessarily’ admitted all of the generic elements in a plea.” Sandoval-Lua v. Gonzales, 499 F.3d 1121, 1131 (9th Cir.2007) (citing Taylor v. United States, 495 U.S. 575, 599-602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and Shepard v. United States, 544 U.S. 13, 19-21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).
When the Supreme Court created the modified categorical approach in Taylor, the Court issued an admonition to sentencing judges regarding the “practical difficulties and potential unfairness of a factual approach” to determining sentencing enhancements for prior convictions. 495 U.S. at 601, 110 S.Ct. 2143. The Court rightly worried that sentencing courts might be looking at convictions from years or even decades prior with scant record in order to determine if prior convictions qualified for sentencing enhancements. This, in the Court’s opinion, could lead to a whole new “mini-trial” by the sentencing judge thus implicating the defendant’s *1154 Sixth Amendment right. In this instance, the majority believes that the sentencing judge disregarded the Taylor admonition. I do not believe that the sentencing judge has run afoul of Taylor. No re-weighing of the evidence has occurred. The sentencing judge made no witness credibility determinations. The sentencing judge did not put the Defendant on trial for his 1999 convictions. Instead, the sentencing judge merely looked to an opinion issued by three of his state court brethren which recited the underlying facts and necessary findings of the jury.
The question presented here is whether or not the District Court could rely on the facts as elucidated by the State Appellate court. Recently, this Court in an en banc decision expanded the materials that a sentencing court could rely on in determining a sentence enhancement. United States v. Strickland, 601 F.3d 963 (9th Cir.2010) (en banc). The Court held that a district court could rely on an out of state docket sheet in determining if the prior conviction was a predicate offense for sentencing purposes. Id. at 968.
Here, I believe that the unpublished State Court Appellate opinion satisfies the requirement of reliability. First, it was prepared by the court itself. Secondly, as stated unequivocally in oral arguments, appellate judges plainly have a legal and professional obligation to get the facts right. Finally, the Defendant had the right to examine and challenge the opinion’s content. Here, the Defendant could have challenged the State Appellate Court’s factual findings after publication if he disagreed with the court’s factual characterization. He did not do so. Accordingly, the State Appellate Court opinion is reliable pursuant to Strickland and United States v. Snellenberger, 548 F.3d 699, 701 (9th Cir.2008)(eTO banc).
When, as here, a defendant puts the victim in a headlock and choked her before fondling her breasts and penetrating her with a foreign object, I am left with no doubt that he used violent physical force to achieve his objective. Defendant has never attempted to recast or recharacterize the facts of his 1999 conviction.
Given these facts, the District Judge correctly found the Defendant’s 1999 convictions were “crimes of violence” as contemplated by the United States Sentencing Guidelines.
What the court below knew from the record in this case, beyond doubt, is that the Defendant committed a “forcible sex offense” which is an enumerated “crime of violence.” As this Court, en banc, stated in its closing in Strickland, “[t]he modified categorical approach is not a judicial version of three-card monte. Rather, the challenge is to determine whether a conviction under a non-categorical state statute was clearly based on facts that meet the federal generic definition of the crime.” 601 F.3d at 970. (emphasis added).
As such, I would AFFIRM the sentence of the District Court.