**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY D. MORAGA;<br><br>   Petitioner - Appellant,<br><br> v.<br><br>E. K. MCDANIEL; et al.,<br><br>   Respondents - Appellees. | No. 08-17721<br><br>D.C. No. 3:03-cv-00220-LRH-RAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 18, 2011[**]
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CONLON, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Suzanne B. Conlon, District Judge for the United States District Judge for the Northern District of Illinois, sitting by designation.

Petitioner Roy D. Moraga appeals from the dismissal of his habeas petition by the U.S. District Court for the District of Nevada.[1]  Three issues were certified for appeal: (1) whether the increased sentence Moraga received on resentencing after remand from the Nevada Supreme Court violated his due process rights under the Fifth and Fourteenth Amendments; (2) whether the district court abused its discretion by denying his motion to amend his fourth amended petition; and (3) whether the U.S. district court erred in denying his motion to expand the record. Moraga also raises one uncertified issue.  We affirm in all respects.

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, the court may grant habeas relief only if: (1) a state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(1)-(2).  The court reviews the denial of a habeas petition *de novo*. *Martinez v. Schriro*, 623 F.3d 731, 735 (9th Cir. 2010).

First, Moraga contends that his resentencing in the Nevada trial court after remand from the Nevada Supreme Court violated his due process rights because he

---

[1]    The parties are familiar with the facts of this case and we repeat them here only as necessary.

was vindictively sentenced to a longer period of time than he was originally sentenced. Under AEDPA, we "may not reach the merits of procedurally defaulted claims." *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (internal quotation marks and citation omitted). Specifically:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Here, Moraga's sentencing claim is procedurally defaulted because of the Nevada Supreme Court's finding that this claim was barred as untimely and successive.[2] We agree and hold that Moraga's federal sentencing claims are procedurally barred because of the independent and adequate state law grounds set forth by the Nevada Supreme Court. *Cf. Smith*, 510 F.3d at 1139.

---

[2]    The Nevada Supreme Court applied Nevada Revised Statutes ("NRS") § 34.726 (establishing a one year statute of limitations for challenging the validity of a judgment or sentence) and NRS § 34.810 (permitting a court to dismiss a petition for several reasons, including successive petitions) and found that Moraga "filed his petition more than ten years after this court issued the remittitur from his appeal from the amended judgment of conviction. Thus, appellant's petition was untimely filed. Moreover, appellant's petition constituted an abuse of the writ because appellant could have raised his claim in his prior petition."

Moraga argues that we may still consider his resentencing claim because of his counsel's ineffective assistance. We reject this claim. While it is true that ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default, it cannot serve as cause if that claim is itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451–53 (2000). Here, the Nevada Supreme Court held that Moraga's "claim was reasonably available to him when he filed his first post-conviction petition for habeas corpus, and [he] failed to demonstrate that interference by officials prevented him from raising the claim in his first petition." We conclude that Moraga's ineffective assistance of counsel claim is procedurally defaulted because the claim was available at the time of his first petition and he never raised this issue as an independent claim in his state court proceedings.[3] *Cf. id.*

Second, Moraga contends the U.S. district court abused its discretion by failing to allow him to amend his fourth amended petition. Moraga argues that the district court erred in applying *Mayle v. Felix*, 545 U.S. 644, 662 (2005), to hold

---

[3] Were we to reach the merits, we would reject his claim because (a) Moraga was sentenced by a different judge on remand; (b) the resentencing judge was acting at the direction of the Nevada Supreme Court that he should be sentenced on all four counts of conviction, rather than the one sentence for all counts imposed by the original trial judge; and (c) Moraga's contention that the trial judge would have sentenced him to concurrent, rather than consecutive sentences is not supported by the record.

that he had exceeded AEDPA's one-year statute of limitations for bringing the additional claims he wanted to raise in what would have served as his fifth amended petition. He asserts that two of the claims he wanted to raise related back to his original federal petition, and thus were timely.

"The district court's decision to deny leave to amend is reviewed for abuse of discretion." *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004) (per curiam). In considering whether to exercise its discretion to grant or deny leave to amend, "[a] district court may, however, take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004). "The district court's discretion to deny leave to amend is particularly broad where a [petitioner] previously has amended the complaint." *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010).

Whether or not Moraga's claims were timely, the district court did not abuse its discretion in denying leave to amend given the number of times it had already permitted Moraga to amend his petition. In addition, Moraga does not provide a satisfactory explanation for why adding these particular claims at this advanced stage of the proceedings did not constitute undue delay because he knew of, but did

5

not bring, these claims in his state court petitions, his original petition, or any of the subsequent petitions prior to his motion to amend his fourth amended petition. *Id.*

Third, Moraga contends that the district court erred by denying his motion to expand the record. Specifically, he contends that the district court erred in concluding that he could have discovered the evidence in the supplemental exhibits through the exercise of due diligence at an earlier stage of the litigation.

Section 2254(e) constrains when the district court may expand the record to allow new evidence to situations where the "factual predicate that could not have been previously discovered through the exercise of due diligence." § 2254(e)(2)(A)(ii). We have held that "'a petitioner who 'knew of the existence of [ ] information' at the time of his state court proceedings, but did not present it until federal habeas proceedings, 'failed to develop the factual basis for his claim diligently.'" *Rhoades v. Henry*, 598 F.3d 511, 517 (9th Cir. 2010) (quoting *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005)). Here, although Moraga contends that he previously raised his claim in his pro se state petition in 1990, he does not offer an explanation for why it was not until the motion to expand the record in 2008 that he was able to locate and present the documents related to his claims. We conclude that Moraga failed to develop the facts in the

6

record in conformance with § 2254(e)(2) and therefore the district court did not err in denying Moraga's motion to expand the record. *Rhoades*, 598 F.3d at 517.

Finally, we decline to certify Moraga's uncertified issue. Moraga's brief does not cite to any federal or Nevada law that stands for the proposition that a court's reliance on an uncertified copy of a conviction in sentencing is error. We have recently rejected the claim that a certified copy of a court document is required under similar circumstances. *United States v. Strickland*, 601 F.3d 963, 969 (9th Cir. 2010) (en banc).

The district court's denial of Moraga's petition is therefore **AFFIRMED.**