

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO ERNESTO GUEVARA-CALDERON,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-71140<br><br>Agency No. A043-195-665<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2012
Pasadena, California

Before: KLEINFELD and M. SMITH, Circuit Judges, and MARBLEY, District Judge.[**]

The Government submitted to the Immigration Judge ("IJ") two documents

from Guillermo Ernesto Guevara-Calderon's ("Guevara's") record of conviction:

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Algenon L. Marbley, District Judge for the U.S. District Court for the Southern District of Ohio, sitting by designation.

the complaint and the docket printout. Both are cognizable for purposes of the modified categorical approach. Shepard v. United States, 544 U.S. 13, 16 (2005); United States v. Strickland, 601 F.3d 963, 968 (9th Cir. 2010).

The complaint charged Guevara with unlawful possession of "a controlled substance, to wit, cocaine (base)." The docket sheet says that Guevara pleaded guilty to this count. There is no indication that he might have pleaded to an amended charge. This is sufficient to establish that Guevara pleaded guilty to possession of cocaine base. Cocaine base is a Schedule II drug, which makes Guevara removable. 8 U.S.C. § 1227(a)(2)(B)(i); 21 U.S.C. §§ 802(6), 812(c); United States v. Butler, 74 F.3d 916, 922 (9th Cir. 1996).

Substantial evidence supports the IJ's finding that Guevara's beating by soldiers was not on account of his political opinion, but rather because he participated in a violent attack on the soldiers' air force base, and therefore was not past persecution. Kozulin v. INS, 218 F.3d 1112, 1116 (9th Cir. 2000). Even if past persecution had created a rebuttable presumption of a well-founded fear of future persecution, the rebuttal was sufficient. See Garcia-Martinez v. Ashcroft, 371 F.3d 1066, 1073–74 (9th Cir. 2004). Thirty years has passed since the beating,

2

Guevara traveled back to El Salvador for several weeks without incident, and the 2006 country report said that there were no reports of the Salvadoran government committing any politically motivated killings, and no reports of politically motivated disappearances. The record supports the finding that Guevara failed to meet the burden for withholding, for the same reasons that Guevara did not demonstrate a well-founded fear of future persecution on account of his political opinion. Al-Harbi v. INS, 242 F.3d 882, 888–89 (9th Cir. 2001). Likewise, he failed to carry his burden for Convention Against Torture relief. 8 C.F.R. § 1208.16(c)(2).

**DENIED**.