NOT FOR PUBLICATION

FILED

JAN 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE HUERTA-PENA, | No. 11-72195 |
| Petitioner, | Agency No. A038-839-434 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Jose Huerta-Pena, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law. *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1038 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Huerta-Pena is ineligible for cancellation of removal because his conviction under California Penal Code § 487(a) constitutes an aggravated felony. *See* 8 U.S.C. §§ 1229b(a)(3), 1101(a)(43)(G) (a theft offense for which the term of imprisonment is at least one year is an aggravated felony); *see also Ramirez-Villalpando*, 645 F.3d at 1039 (modified categorical approach required to determine whether conviction under California Penal Code § 487(a) is an aggravated felony); *United States v. Strickland*, 601 F.3d 963, 968-69 (9th Cir. 2010) (en banc) (docket sheet may be considered when applying the modified categorical approach).

We lack jurisdiction to consider Huerta-Pena's contention that the agency should not have considered the felony complaint because he did not raise that issue before the agency and therefore failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**