**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTON SENNHAUSER, | No. 11-73749 |
| Petitioner, | Agency No. A030-748-250 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Anton Sennhauser, a native and citizen of Switzerland, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order of removal.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review de novo constitutional claims and questions of law, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Sennhauser's conviction under California Penal Code § 288(a) for lewd acts with a child under fourteen is categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(A), as a law relating to sexual abuse of a minor. *See* 8 U.S.C. § 1229a(c)(3)(B); *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) (section 288(a) is categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(A)); *United States v. Strickland*, 601 F.3d 963, 968-70 (9th Cir. 2010) (en banc) (copy of docket sheet is a judicially noticeable document that may be used to determine whether offense is a removable one). Our jurisdiction therefore is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D) (limiting review when petitioner has been convicted of an aggravated felony).

Contrary to Sennhauser's contentions, the BIA sufficiently addressed his contentions on appeal and did not need to address removability based on his firearms conviction, where its finding that he was removable based on his conviction for lewd acts with a child under fourteen was dispositive. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and

agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation omitted)).

The record belies Sennhauser's contention that he was denied a full and fair hearing. In addition, we lack jurisdiction to review the government's decision to commence removal proceedings. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 598-99 (9th Cir. 2002). Sennhauser has not raised any other colorable constitutional claims or questions of law.

Section 1252(a)(2)(C) does not deprive us of jurisdiction to consider a denial of withholding of removal or protection under the Convention Against Torture ("CAT") in a case such as this where the agency denied relief on the merits. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). The agency applied the correct standard in its withholding of removal determination, and substantial evidence supports the agency's determination that Sennhauser failed to establish it is more likely than not that his life or freedom would be threatened on account of a protected ground if returned to Switzerland. *See* 8 C.F.R. § 1208.16(b)(2); *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (to qualify for withholding of removal, an alien must show a clear probability of future persecution).

The agency applied the correct standard in its CAT determination, and substantial evidence supports the agency's determination that Sennhauser did not

establish it is more likely than not that he would be tortured if he returned to Switzerland. *See Wakkary v. Holder*, 558 F.3d 1049, 1056, 1067-68 (9th Cir. 2009).

Sennhauser's motion to accept an oversized and late-filed reply brief is granted.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**