**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALICIA IVETTE FUENTES,

　　　　　　　Petitioner,

　　v.

WILLIAM P. BARR, Attorney General,

　　　　　　　Respondent.

No.　16-73553

Agency No. A079-784-014

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2020**
San Francisco, California

Before:　BERZON and IKUTA, Circuit Judges, and LEMELLE,*** District Judge.

　　Alicia Fuentes petitions for review of an order of the Board of Immigration

Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying her

---

　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　　The case has been submitted on the briefs as of April 16, 2020, pursuant to FRAP 34(a).

　　***　　The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

claims for cancellation of removal and post-hearing voluntary departure. We have

jurisdiction under 8 U.S.C. § 1252.

The agency did not err in concluding that Fuentes's 2015 conviction under

section 11377 of the California Health & Safety Code is a conviction for violating

a law "relating to a controlled substance" under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and

8 U.S.C. § 1227(a)(2)(B)(i).[1] Section 11377 is divisible, and therefore we apply

the modified categorical approach. *Coronado v. Holder*, 759 F.3d 977, 981, 983

(9th Cir. 2014). Because Count 1 of the criminal complaint charged Fuentes with

unlawfully possessing methamphetamine in violation of section 11377 and the

court case summary corresponding to the criminal complaint shows that Fuentes

pleaded guilty to Count 1 of the criminal complaint, we may consider the facts

alleged in the complaint. *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1168

---

[1] The IJ relied on three of Fuentes's convictions, including section 11377 of the California Health and Safety Code and sections 484 and 4573 of the California Penal Code, in concluding that Fuentes was not entitled to cancellation of removal or voluntary departure, and the BIA adopted the IJ's opinion. *See Alvarez-Cerriteno v. Sessions*, 899 F.3d 774, 778 (9th Cir. 2018) ("Where . . . the BIA adopts the IJ's decision and adds some of its own analysis, the panel reviews both decisions.") (citation omitted). Because the conviction under section 11377 supports denial of relief, we do not review the alternative bases relied on by the IJ and BIA.

(9th Cir. 2014).[2]   Accordingly, we conclude that Fuentes was convicted of a possessing methamphetamine, which is prohibited by the Controlled Substances Act. *Coronado*, 759 F.3d at 986.[3]   Therefore, Fuentes's 2015 conviction for violating section 11377 is a removable offense "relating to a controlled substance" under 28 U.S.C. § 1227(a)(2)(B)(i) and 28 U.S.C. § 1182(a)(2)(A)(i)(II).

Contrary to Fuentes's argument, *Coronado* correctly concluded that the substances listed in section 11377 were "alternative elements that effectively create several different crimes." 759 F.3d at 984 (quoting *Descamps v. United States*, 570 U.S. 254, 263–64 (2013)) (cleaned up), and is therefore consistent with *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See also United States v. Martinez-Lopez*, 864 F.3d 1034, 1038–41 (9th Cir. 2017) (en banc) (holding that section 11352 of the California Health & Safety Code, which is materially identical to section 11377, is divisible).

Because Fuentes has been convicted of an offense under § 1227(a)(2), she is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C).  She also

---

[2] Fuentes does not challenge the reliability of the case summary, and so we do not reach that issue. *See United States v. Strickland*, 601 F.3d 963, 970 (9th Cir. 2010).

[3] Because Fuentes's conviction related to a substance listed in the federal controlled substances schedule, Fuentes's reliance on *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015), is misplaced.

3

cannot establish good moral character during the five years before her application for voluntary departure because she committed an offense listed in § 1182(a)(2) in that time period. *See* 8 U.S.C. § 1101(f)(3). Therefore, she is ineligible for voluntary departure. 8 U.S.C. § 1229c(b)(1)(B). Accordingly, the BIA and IJ did not err in denying Fuentes's applications for cancellation of removal or voluntary departure.

**PETITION DENIED**.